## Wytheville.

### SIMMONS v. COMMONWEALTH.

#### June 23d, 1892.

INDICTMENT—*Record of finding.*—No man can be tried for a felony in the courts of this commonwealth except upon an indictment of a grand jury; and no man can be considered as indicted unless it appear of record that an indictment against him was delivered in open court, and the fact recorded. *Cawood's Case,* 2 Va. Cases 527.

Error to judgment of circuit court of Lee county, rendered April 3d, 1891, whereby the plaintiff in error, Gran. Simmons, was, in accordance with the verdict of the jury in the trial of the indictment against him for the murder in the first degree of one James Howell, sentenced to death by hanging. Opinion states the case.

*C. T. Duncan,* for plaintiff in error.

*Attorney-General R. Taylor Scott,* for commonwealth.

LEWIS, P., delivered the opinion of the court.

There is copied into the record a paper purporting to be an indictment found at the January term, 1891, of the county court of Lee county, charging the prisoner with the murder of the deceased, which was endorsed "a true bill," and signed by the foreman of the grand jury. The record then states that upon his arraignment in the county court the prisoner demanded to be tried in the circuit court; and there is also copied into the record an entry from the order-book of the circuit court, which is as follows:

Opinion.

" This day Gran. Simmons, who stands indicted for murder, and who, upon his election, was remanded by the county court for trial in this court, was led to the bar in the custody of the sheriff, and, being arraigned upon the charge of murder aforesaid, thereupon saith he'is not guilty in manner and form as in the indictment against him is alleged, and of this he puts himself upon the country, and the commonwealth, by her attorney, doth the like.   And then came a jury," &c.

A trial was thereupon · had, which resulted in a verdict of murder in the first degree, and there was judgment accordingly.

Of the errors assigned it will be necessary to consider one only ; and that is that there is no record of the finding of the indictment on the order-book of the county court.

After the case came to this court a *certiorari*, on motion of the attorney-general, was awarded, in obedience to which the whole record has been certified, but it still does not appear that the indictment was delivered in court by the grand jury, and its finding recorded.   This omission is a fatal defect.   No man can be tried for a felony in the courts of this commonwealth except upon an indictment of a grand jury ; and the indictment, to be valid, must be presented in open court, and the fact recorded.   Until this is done the accused is *not indicted*.

This was decided in *Cawood's Case*, 2 Va. Cas. 527, nearly three quarters of a century ago.   In that case the accused was put upon his trial for murder in the superior court of Washington county.   The record recited that the accused " *stands indicted*," and stated that when arraigned he pleaded " not guilty to *the indictment*" ; but the finding of the indictment was not recorded on the order-book.   The jury failed to agree, and, at a subsequent term, the *venue* was changed to the superior court of Wythe county.   In the latter court the prisoner moved to be discharged, on the ground, among others, that it

did not appear by the record that the indictment had been found by the grand jury, notwithstanding it was endorsed " a true bill," and signed by the foreman of the grand jury, and notwithstanding the averments of the record just mentioned.

The question was adjourned to the general court, where, after elaborate argument on both sides, the prisoner's objection was sustained. It was held to be essential to the validity of an indictment that it be publicly delivered in open court, and that the fact be recorded; that this is the evidence required by law to prove that it is sanctioned by the accusing body; and that, until it is so presented, the party charged by it is not indicted. " We admit," said the court, " that after a grand jury has found a bill and reported it, and their finding is placed on the record, the indictment becomes as much a part of the record as if it was spread *in extenso* on the order-book. But, in order to give it that character, we deem it essential that a record should be made of the finding on the order-book." It was said, moreover, that such a record of the finding of the grand jury is as essential as the recording of the verdict of the petit jury; that it can never be *intended* that the accused was indicted.

That case has always been regarded as settling the rule in this state.

In *McKinney's Case*, 8 Gratt. 589, an indictment for a misdemeanor was sent to the grand jury against Luke, John, and Joseph McKinney, and was returned endorsed " a true bill." But the finding was entered on the order-book as an indictment against Luke, John, and *Thomas* McKinney. Accordingly, Joseph McKinney moved to quash the indictment as to him, on the ground that there was no record of the finding of an indictment against him; and the motion was sustained, on the authority of *Cawood's Case*.

In *Shiflett's Case*, 14 Gratt. 652, a similar point was made, for the first time, in the appellate court, and no doubt was

expressed that the objection would have been in time, if the finding of the indictment had not been recorded. But the objection was overruled, because it appeared from the *certiorari* record in that case that the finding was, in fact, recorded.

In *Price's Case*, 21 Gratt. 846, it was held that an indictment need not be endorsed "a true bill" and signed by the foreman of the grand jury, because the proper and essential evidence of its finding is an entry on the order-book; thus recognizing the rule laid down in *Cawood's Case;* and, referring to that case, Moncure, P., in delivering the opinion of the court, said: "It is a case of the highest authority. It was argued with great ability by very able counsel both for the commonwealth and the accused, and was decided by very able judges; and it settled the question as to the necessity of a record of the finding of the indictment by the grand jury."

*White's Case*, 29 Gratt. 824, is to the same effect. In that case the indictment was inadvertently endorsed by the foreman of the grand jury, "A true *gun*"; but the finding of the indictment was duly entered of record on the order-book, and this was held sufficient.

These authorities are decisive of the present case. The record being defective in the particular mentioned, we have no discretion in the matter. That which is essential in a felony case must affirmatively appear by the record; it can never be supplied by intendment. Hence, as the evidence required by law to show that the accused has been indicted is wanting, it follows that the judgment must be reversed.

JUDGMENT REVERSED.