## Kabanya v. Fogarty.

[No. 24,194. Filed May 31, 1923.]

1. CRIMINAL LAW.—*Judgment of Conviction.—Sentence.—Validity.—Habeas Corpus.*—A sentence is not a nullity so as to be reviewed by *habeas corpus* simply because it fails to definitely state the offense of which the defendant was convicted, or does not state it at all, provided the record shows that he was indicted for some offense and tried and convicted, and that the sentence passed on him was one which the court had jurisdiction to pronounce for an offense of which he might have been convicted under the indictment. p. 298.

2. CRIMINAL LAW.—*Judgment of Conviction.—Sentence.—Validity.—Habeas Corpus.*—Where two persons were charged with conspiracy to commit grand larceny, and they were jointly

tried by the court, which found them both guilty as charged, and that *each* should be imprisoned at the Indiana State Prison for an indeterminate period, within the punishment prescribed for the offense, and they were separately committed to prison, the fact that the judgment imposing the penalty described the offense as "conspiracy," a crime which does not exist, did not render the judgment void so as to justify a writ of *habeas corpus.* p. 298.

3. HABEAS CORPUS.—*Questions Raised by.*—A writ of *habeas corpus* raises the question of the jurisdiction of the court over the person and over the subject-matter and also the jurisdiction to enter the particular judgment which was entered. p. 301.

4. CRIMINAL LAW.—*Joint Prosecution.*—*Sentence.*—Where two defendants were prosecuted jointly for conspiracy to commit grand larceny, and were jointly tried by the court, which found them both guilty as charged and that *each* should be imprisoned under the Indeterminate Sentence Law, but the judgment of imprisonment simply provided that *"said* defendants be confined" in the prison, etc., and the commitments to prison were separate, the judgment was not void so as to justify a writ of *habeas corpus.* p. 301.

From Laporte Superior Court; *Harry L. Crumpacker,* Judge.

Application by John Kabanya for a writ of *habeas corpus* directed to Edward J. Fogarty, warden of the Indiana State Prison. From an order overruling exceptions to the return and quashing the writ, the plaintiff appeals. *Affirmed.*

*Tuthill & Williams* and *James Percival Pio,* for appellant.

*U. S. Lesh,* Attorney-General, and *Connor D. Ross,* Deputy Attorney-General, for appellee.

TOWNSEND, J.—This is a writ of *habeas corpus* to appellee, warden of the Indiana State Prison at Michigan City. The trial court overruled exceptions 1, 2. to the return, quashed the writ, and remanded appellant, prisoner. Appellant's contentions are based on the following judgment: "It is therefore considered, adjudged and decreed by the Court that the

defendants for the offense by them committed, to wit: Conspiracy, do make their fine to the State of Indiana in the sum of $500 each and that the said defendants be and they are hereby imprisoned at the Indiana State Prison at Michigan City, for a period of not less than two nor more than fourteen years from this date."

Appellant says that there is no such crime as "conspiracy" and, that the judgment is therefore void. He also contends that the judgment is void because the sentence of imprisonment is joint. That is to say, when two defendants are sentenced from two to fourteen years, it cannot be determined how long each is to serve. In other words, it cannot be told how long each is "in" and, therefore, both are "out," if writ is asked. It is true that there is no such crime as "conspiracy" under our Code. The crimes are, conspiracy to commit a felony, §2647 Burns 1914, Acts 1905 p. 584, §641, and, riotous conspiracy, §2335 Burns 1914, Acts 1905 p. 584, §439. But when appellant convinces us that there is no such crime as "conspiracy" and then says that the judgment is void, he begs one question, namely, Is it absolutely essential to the validity of the judgment that the crime be named at all? Or, to put the question another way, Will the fact that the crime is misnamed make the judgment void? In answer to this question, we shall be content to quote a leading text book, as follows: "A sentence is not a nullity, and can not be reviewed on habeas corpus simply because it fails to definitely state the offense of which the defendant was convicted, or does not state it at all, provided the record shows that he was indicted for some offense, and tried and convicted, and that the sentence passed on him was one which the court had jurisdiction to pronounce for an offense of which he might have been convicted under the indictment." Church, Habeas Corpus (2d ed.) §365.

Applying this test to the instant case, we have a record which shows an affidavit against the appellant and another, for the crime of conspiracy to commit grand larceny, a crime designated by §2647 Burns 1914, *supra*, the punishment for which is fine of not less than $25 nor more than $500 and imprisonment in the state prison not less than two years nor more than fourteen years. Now, just preceding the part of the judgment which we have heretofore set out, the record discloses the following:

"Comes now the State of Indiana, by its Prosecuting Attorney and files herein an affidavit against the defendants in these words: (Insert); whereupon it is ordered by the Court that a warrant be issued for the defendants returnable forthwith, and that their bail herein be fixed in the sum of $5,000 each; and come now the defendants each in his own proper person and by counsel in open court, waive arraignment and for their plea herein say that they are not guilty as they stand charged herein, and thereupon the defendants ask and the State agrees that this cause be submitted to the Court for trial without a jury; thereupon this cause is submitted to the Court for hearing and trial, without the intervention of a jury, and the Court having heard the evidence and being now fully advised in the premises finds that the defendants are guilty as charged and they should be fined in the sum of $500 each and that *each* should be imprisoned at the Indiana State Prison for a period of not less than two nor more than fourteen years from this date. That the defendant John Kabanya is thirty-three years of age and that the defendant Joe Wargovich is thirty-two years of age."

It further appears by the return that the commitments were separate; that each defendant was committed to the state's prison for a term of from two to fourteen years. It thus appears that they were charged

with a crime designated in the Code; that they were tried, found guilty, and properly committed.

So far as counsel's second contention is concerned, that the judgment of imprisonment is joint, it resolves itself to this, that the judgment is informal in that the sentence does not say *each* defendant, but simply is that "said defendants be confined," etc. A writ of *habeas corpus* raises the question of the jurisdiction of the court over the persons and over the subject-matter, and also his jurisdiction to enter the particular judgment which he does enter. It will be conceded that, if the defendants were not charged with a crime designated by the Code, no judgment could be rendered. It will be conceded that, if they had not been brought into court, no judgment could be rendered. If the validity of the various steps in the proceeding may be questioned by a writ of *habeas corpus* to show that a judgment is void, then it must follow that the various steps in the proceeding may be looked to to uphold a judgment and sentence which is somewhat irregular and informal.

In its last analysis, counsel's second contention is that the judgment and sentence herein is void, for the reason that the word "each" does not follow the word "defendants" in the judgment and sentence. But, on the face of the whole record, it is seen that the court found each defendant guilty, and committed each defendant to the penitentiary for the term of years designated by the section of the statute under which the affidavit was drawn. The trial court was correct in overruling the exceptions to the return, quashing the writ and remanding the prisoner.

The judgment is affirmed.