# Richmond

JEROME SILVIA HANSON v. W. FRANK SMYTH, JR., SUPERIN-
TENDENT OF THE VIRGINIA STATE PENITENTIARY.

November 20, 1944.

Record No. 2909.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston and
Spratley, JJ.

386

The opinion states the case.

*W. A. Hall, Jr.*, for the plaintiff in error.

*Abram P. Staples, Attorney General,* and *M. Ray Doubles, Assistant Attorney General,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

This writ of error was awarded to Jerome Silvia Hanson to review a judgment of the lower court dismissing his petition for a writ of *habeas corpus,* and ordering his remand to the custody of W. Frank Smyth, Jr., Superintendent of the Virginia State Penitentiary.

The petitioner has been held for a number of years in the penitentiary pursuant to several judgments of conviction which we will not undertake to recite in detail. Suffice it to say, that the Attorney General concedes that if the petitioner be correct in his contention that the judgment entered by the Circuit Court of Lunenburg county, on August 5, 1937, whereby the petitioner was convicted of a felony and sentenced to be confined in the penitentiary for a term of ten years, be void, then the petitioner is entitled to his release. The petitioner, on his part, concedes that if his contention be not correct, then he is not entitled to his release.

The record shows that on August 2, 1937, in the Circuit Court of Lunenburg county, two indictments were presented to the grand jury. One charged "Jerome Silvia Hanson, alias Silvia Ward, alias Silvia Hanson and Wayne Ward" with "feloniously" breaking and entering the storehouse of one C. C. Hawthorne, with intent to commit larceny, and with larceny of certain money and property of the value of $50. On this indictment there appears an amendment charging the petitioner with aiding and abetting Wayne Ward to escape.

The other indictment is similar, except that the storehouse broken into is alleged to be that of "one R. B. Hardy," and the goods stolen are alleged to have been of the value of $19.75.

On the back of each indictment there appears the endorsement, "A true bill, S. M. Arvin, Foreman."

On the same day the following order was entered:

"On motion of the attorney for the Commonwealth and it being deemed necessary for the dispatch of business, it is ordered that the sheriff of the county do summons a Special Grand Jury from a list furnished by the Judge of this Court, and it was accordingly done.

"Whereupon S. M. Arvin, Gentleman Foreman, R. L. Hite, W. A. Yates, S. R. Royall, Geo. M. Smith and B. L. Winn were sworn as grand jurors, for the body of this county and after being charged by the Court retired to their room and after some time returned in Court and presented the following indictments:

"Commonwealth of Virginia v. Jerome Silvia Hanson, alias Silvia Ward, alias Silvia Hanson and Wayne Ward, Larceny

"A true bill

"Commonwealth of Virginia v. Jerome Silvia Hanson, alias Silvia Ward, alias Silvia Hanson and Wayne Ward, Larceny

"A true bill

"And there being no further business before them the grand jurors were discharged for the term * * * ."

At the time of the return of these indictments the petitioner, Hanson, was confined in the Virginia State Penitentiary, and by an order entered in the Circuit Court of Lunenburg county he was directed to be brought before that court on August 5, 1937, to answer these charges. This order makes no mention of the other defendant, Wayne Ward.

On August 5 separate orders of conviction were entered on the two indictments. Each order is captioned: "Commonwealth of Virginia v. Jerome Silvia Hanson, alias Silvia Ward, alias Silvia Hanson and Wayne Ward." Each recites that "the accused" was led to the bar "and being arraigned plead guilty to the indictment." Each further recites that, "it is ordered that the said prisoner, Jerome Silvia Hanson, alias Silvia Ward, alias Silvia Hanson and Wayne Ward be confined in the penitentiary" for a stated term.

In one of the orders, captioned, "FOR AIDING AND ABETTING IN COMMITTING LARCENY," the term was fixed at one year. On the back of the indictment charging a breaking and entering the storehouse of C. G. Hawthorne, there is a notation in the handwriting of the trial judge, and initialed by him, indicating that this sentence was on that indictment.

In the other order, captioned, "ON AN INDICTMENT FOR ROBBERY," the term was fixed at ten years. On the back of the indictment charging a breaking and entering the storehouse of R. B. Hardy, there is a notation in the handwriting of the trial judge, and initialed by him, indicating that this latter sentence was on the latter indictment.

The petitioner contends that his sentence for the term of ten years, under the indictment last mentioned, is void for a number of reasons.

First, he says the record fails to show that the indictment upon which he was tried, convicted and sentenced,—that is, the indictment for breaking and entering the storehouse of Hardy, with intent to commit larceny, and for larceny of Hardy's property and chattels,—was returned by the grand jury into open court and their finding properly recorded. In support of this argument he relies upon *Commonwealth v. Cawood*, 2 Va. Cas. (4 Va.) 527; *Simmons v. Commonwealth*, 89 Va. 156, 15 S. E. 386; *Watts v. Commonwealth*, 99 Va. 872, 39 S. E. 706; and *Hale v. Commonwealth*, 137 Va. 774, 119 S. E. 49, which hold that it is essential to the validity of an indictment that it affirmatively appear by an entry in the order book that the indictment was returned by the grand jury into open court.

It is said that the order entered on August 2, 1937, shows the return into open court by the grand jury of indictments against the petitioner and Wayne Ward for "simple larceny," and that "such crime is irreconcilably in conflict with" the crime of storebreaking. Hence, it is said, the record fails to show affirmatively that the grand jury found an indictment against the petitioner for storebreaking, and that, therefore, the judgment of conviction is necessarily null and void.

[■■] There are two answers to this argument. In the first place, by the weight of authority, in the absence of a constitutional provision that a felony may be prosecuted only by indictment, a judgment of conviction is not amenable to a collateral attack in a *habeas corpus* proceeding on the ground that there is no proper record of the fact that the grand jury found an indictment against the accused. Such irregularity or defect may be attacked only directly by an appeal from the judgment of conviction. 25 Am. Jur., Habeas Corpus, sec. 39, p. 172; *Younger* v. *Hehn*, 12 Wyo. 289, 75 P. 443, 109 Am. St. Rep. 986.

While the Fifth Amendment to the Federal Constitution requires a presentment or indictment in prosecutions under Federal statutes "for a capital, or otherwise infamous crime," the Virginia Constitution contains no such requirement. *Farewell.* v. *Commonwealth*, 167 Va. 475, 484, 189 S. E. 321, 325; *Pine* v. *Commonwealth*, 121 Va. 812, 835, 93 S. E. 652; *Guynn* v. *Commonwealth*, 163 Va. 1042, 1046, 177 S. E. 227. In this State the requirement is merely statutory.

Code, sec. 4866, as it stood at the time of the petitioner's conviction, provided: "* * * no person shall be put upon trial for any felony, unless an indictment shall have first been found by a grand jury in a court of competent jurisdiction. * * * " This section was amended by Acts of 1940, ch. 50, p. 59, by the addition of the words "or unless such person, by writing signed by such person before the court having jurisdiction to try such felony, or before the judge of such court in vacation, shall have waived such indictment or presentment, in which event he may be tried on a warrant or information."

This amendment, while subsequent and inapplicable to petitioner's trial, is a clear expression of the legislative policy that the requirement of an indictment in the prosecution for a felony may be waived,* and hence is not jurisdictional.

[■] Since the statutory requirement for an indictment in the present case is not jurisdictional, the failure of the record

---

*See *Pine* v. *Commonwealth, supra* (121 Va. 812, at p. 835, 93 S. E. 652).

to show affirmatively that the indictment was returned into court by the grand jury is not such a defect as will render null and void the judgment of conviction based thereon.

In the next place, we are of opinion that the record here shows that the indictment upon which the petitioner was tried and convicted was found by the grand jury, and that its finding was presented into court and sufficiently recorded.

The order entered on August 2, 1937, recited that the grand jury "returned in court and presented the following indictments" against the petitioner and Wayne Ward. Each indictment was recorded as having been found to be "A true bill." While the order stated that the indictments were for "larceny," this was surplusage and no recital of the offense was necessary. *Thompson* v. *Commonwealth*, 20 Gratt. (61 Va.) 724; *State* v. *Heaton*, 23 W. Va. 773, 779.

Moreover, the endorsement on the indictments, "A true bill," signed by the foreman, sufficiently identified them as being the same indictments which the record book shows were found by the grand jury against the accused. *State* v. *Heaton, supra* (23 W. Va. 773, at pp. 778, 779). A reference to the indictments thus identified shows that each charged the petitioner with the commission of a felony,— storebreaking and larceny.

The specification of the offense as "larceny" in the order was not in irreconcilable conflict with the indictments, because they in fact charged both storebreaking and larceny. As was said in *State* v. *Heaton, supra* (23 W. Va. 773, at page 780), the purpose of the entry on the order book is not "to identify the exact crime, with which the accused stands charged, but merely to show that he has been openly and publicly indicted in open court by the grand jury."

It thus clearly appears from the record that the indictments, which the entry on the order books shows were presented into open court by the grand jury, were the same indictments upon which the petitioner was convicted, and that each charged him with the commission of a felony.

The petitioner next contends that the judgment of conviction is a nullity because it is captioned, "ON AN

INDICTMENT FOR ROBBERY," and that he was not indicted for that offense. Furthermore, he says, no offense is specified in the body of the order.

But the caption is no part of the judgment and is not essential to its validity. 24 C. J. S., Criminal Law, sec. 1585, p. 116; *Couric* v. *Eufaula*, 24 Ala. App. 564, 138 So. 557, 558.

Nor does the failure of the final order to specify the offense render it invalid, where, as here, an inspection of the entire record shows the nature of the offense for which the petitioner was indicted and convicted. See *Pointer* v. *United States*, 151 U. S. 396, 418, 419, 14 S. Ct. 410, 38 L. Ed. 208; *White* v. *United States*, 164 U. S. 100, 102, 17 S. Ct. 38, 41 L. Ed. 365; *Kabanya* v. *Fogarty*, 193 Ind. 297, 139 N. E. 449, 450.

Then, too, it is well settled that the failure of an order to state the particular offense of which an accused was convicted does not render it subject to collateral attack in a *habeas corpus* proceeding. 25 Am. Jur., Habeas Corpus, sec. 55, p. 186; 39 C. J. S., Habeas Corpus, sec. 26, p. 483.

It is next argued that the final judgment is a nullity, because, it is said, "the punishment is jointly assessed against the petitioner and another man by the name of Wayne Ward," and that it should have been against each separately.

It is true that, except in cases of conspiracy and the like, where two or more persons are jointly tried and convicted, the sentence should be rendered against them severally and not jointly. 24 C. J. S., Criminal Law, sec. 1565, p. 35; 15 Am. Jur., Criminal Law, sec. 452, p. 112.

But the authorities agree that a joint sentence is at most merely erroneous and not void and must be attacked directly by an appeal or writ of error, and may not be challenged by a collateral attack in a *habeas corpus* proceeding. 25 Am. Jur., Habeas Corpus, sec. 55, p. 186; *Ex parte Gafford*, 25 Nev. 101, 57 P. 484, 83 Am. St. Rep. 568; *Kabanya* v. *Fogarty, supra* (193 Ind. 297, 139 N. E. 449, at page 450).

The final contention is that the judgment of conviction is void because it metes out punishment to two men, the petitioner and Wayne Ward, whereas the record shows that

only one was arraigned, plead guilty, and was tried, and that it is impossible to say from the record which of the two was tried.

██ Of course, if two persons are jointly indicted and only one is tried, but both are sentenced, the judgment of conviction is void as to the one who was not tried. But it is quite valid as to the one who was in fact tried.

Here the petitioner makes no claim that he was not the person who was tried and convicted. On the contrary, he admits that he was. He alleges in his petition that on August 5, 1937, while he was an inmate of the Virginia State Penitentiary, by reason of other convictions, he was ordered to be brought to the Circuit Court of Lunenburg county to be tried. Again, in his brief before this court he admits that he was "taken out of the Virginia Penitentiary and notified of the pending proceedings in Lunenburg only a few hours before his trial and conviction and sentence to the maximum amount of time allowed under the statute for storebreaking * * * ."

On the whole we are of opinion that the judgment of the lower court was plainly right, and accordingly it is

*Affirmed.*