# CIRCUIT COURT OF THE CITY OF NORFOLK

Robert L. Turner

v.

Commonwealth of Virginia

June 12, 2015

Case No. (Civil) CL14-9380

BY JUDGE EVERETT A. MARTIN, JR.

The petitioner, who is serving a lengthy prison sentence for murder and other crimes, has filed an "Independent Action in Equity to Set Aside Judgment for Fraud on the Court and Void Judgment" (sic) pursuant to Code of Virginia § 8.01-428(D). In short, he claims his convictions must be set aside because the Clerk's Office has lost the order book that would have recorded his indictments. His pleading is well prepared, and it appears he may have had the assistance of someone learned in the law.

The subsection provides:

> *Other judgments or proceedings.* – This section does not limit the power of the court to entertain at any time an independent action to relieve a party from any judgment or proceeding, or to grant relief to a defendant not served with process as provided in § 8.01-322, or to set aside a judgment or decree for fraud upon the court.

Subsections (A) and (E) of the statute clearly only apply to civil cases as they mention default judgments. The Supreme Court has applied subsection (B) to both civil and criminal cases. Subsection (C) could apply to both classes of cases, but the inclusion of the phrase "who is not in default" does raise a question. What of subsection (D)?

Subsection (D) creates no new remedies; it merely provides that the statute "does not limit the power of the court to entertain at any time an independent action... ." It has three clauses: (1) "to relieve a party from

any judgment or proceeding," (2) "to grant relief to a defendant not served with process as provided in § 8.01-322," and (3) "to set aside a judgment or decree for fraud upon the court." The second clause is purely civil as Va. Code § 8.01-322 is concerned with service by order of publication.

The first clause of subsection (D) has lately become a favorite of prisoners attacking their convictions after a petition for a writ of *habeas corpus* has been denied or the limitations period of Va. Code § 8.01-654(A)(2) has expired. But does it apply to criminal cases? The Commonwealth's position is that the clause "has been applied to criminal cases."

### To Relieve a Party from any Judgment or Proceeding

This remedy is of medieval origin. The power of a court of equity to enjoin the enforcement of a judgment obtained in an action of law has been recognized for centuries, both in England and Virginia. It was the Court of Chancery's use of this power that provoked the notable dispute between Lord Chancellor Ellesmere and Chief Justice Coke of the King's Bench. To resolve the dispute, King James I asked his attorneys to examine the precedents "of complaints made in the Chancery there to be relieved according to equity and conscience, after judgments in the Courts of the Common Laws in cases wherein the Judges of the common law could not relieve them." *The King's Order and Decree in Chancery* (1616), Cary 115, 21 Eng. Rep. 61. The inquiry concluded that the practice had existed from the beginning of the reign of Henry VII (1485), and James I confirmed the Chancery's authority.

Nonetheless, the Court of Chancery has a very restricted jurisdiction in criminal cases. Twenty-five years before our Independence, Lord Chancellor Hardwicke stated: "This court has no power to grant an injunction to stay proceedings ... to an indictment." *Lord Montague v. Dedman* (1751), 2 Ves. Sen. 396, 398, 28 Eng. Rep. 253, 254. A review of equitable jurisdiction in 13 *Halsbury's Laws of England*, "Equity," pp. 4-65 (1st ed. 1910) discloses jurisdiction over criminal matters only in cases of libel, public nuisance, and trespass; and, when parties are before the court, it may enjoin them from instituting criminal proceedings of the same nature as the pending cause. In the present edition of *Halsbury's* we find that:

> Although equity has no jurisdiction in criminal matters as such, it may interfere so as to prevent injury arising from criminal acts, such as injury to property or reputation, and so as to protect minors from the consequences of such acts.

16(2) *Halsbury's Laws of England*, "Equity," ¶ 409 (4th ed. reissue 2004). In short, there is no jurisdiction in equity in the land of the origin of the remedy to vacate a criminal conviction.

The Supreme Court of our sister state of West Virginia, which shared our law until 1863, has gone further than the courts of England, stating, albeit in *dictum*:

> Of course there are cases that are so clearly beyond and without the jurisdiction of a court that no question could possibly arise. In such case, the want of jurisdiction would be clear, and be disclosed by the record itself. Criminal cases are never cognizable by courts of equity. Under no circumstances could that court take jurisdiction of them.

*St. Lawrence Boom & Mfg. Co. v. Holt,* 51 W. Va. 352, 369, 41 S.E. 351, 358 (1902). But what of Virginia?

Even though it seems Virginia courts of chancery often enjoined judgments or granted new trials in actions at law in the years following our Independence, see, *e.g.*, cases mentioned in *Terrell v. Dick,* 5 Va. (1 Call) 546 (1799), the courts gradually imposed restrictions on the practice. *Holland v. Trotter,* 63 Va. (22 Gratt.) 136, 141 (1872) (requiring a good defense; fraud, accident, surprise, or adventitious circumstance beyond the defendant's control; lack of negligence by the defendant); *Fenwick v. McMurdo,* 16 Va. (2 Munf.) 244, 253-54 (1811) (requiring fraud, surprise, or some material adventitious circumstance which could not have been foreseen). The leading modern case is *Charles v. Precision Tune,* 243 Va. 313, 414 S.E.2d 831 (1992), which established five elements of the "independent action in equity":

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

243 Va. at 317-18, 414 S.E.2d at 833. It should be noted that the first and fifth elements were mentioned in *The King's Order and Decree, supra.* The second element is "a good defense to the alleged cause of action on which the judgment is founded." A "cause of action" is "a set of operative facts which, under the substantive law, may give rise to a right of action." *Roller v. Basic Construction Co.,* 238 Va. 321, 327, 384 S.E.2d 323, 326 (1989). A "right of action" is "the right to presently enforce a cause of action – a remedial right affording redress for the infringement of a legal right belonging to some definite person." *First Virginia Bank-Colonial v. Baker,* 225 Va. 72, 81, 301 S.E.2d 8, 13 (1983). These terms do not apply to the criminal law.

Furthermore, as a defendant will be present throughout his trial for a felony (unless he waives his right to be present or is removed from the courtroom for disruptive conduct), it is difficult to imagine how he could be prevented from obtaining the benefit of his defense (unless the Commonwealth commits extrinsic fraud, which would render the conviction void – about which, more later). If the defendant was not present during the trial, it would only be because of his own fault.

A convicted criminal defendant also has other legal remedies: an appeal, a petition for a writ of *habeas corpus*, and a petition for a writ of actual innocence. Finally, a void criminal conviction can be attacked by a motion – a remedy at law – more than twenty-one days after entry of final judgment. *Matthews v. Commonwealth*, 216 Va. 358, 218 S.E.2d 538 (1973).

I have never read or heard of any Virginia case in which a court of equity granted an injunction to vacate a criminal conviction and order either a new trial for or the release of a prisoner. The absence of such a case over centuries is conclusive proof to me that no such jurisdiction in equity exists in Virginia.

### To Set Aside a Judgment or Decree for Fraud upon the Court

I shall assume, without deciding, that this clause applies to criminal cases. The Supreme Court has held an order procured by extrinsic or collateral fraud is void, and void judgments "may be attacked in any court at any time, directly or collaterally, and thus are not encompassed by Rule 1:1." *Rook v. Rook*, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987). Extrinsic fraud is conduct that prevents a fair submission of the controversy to the court. Examples of extrinsic fraud include: bribing a judge or juror, preventing another party's witnesses from attending court, intentionally failing to join a necessary party, and misleading another party into believing a continuance had been granted. *Ellett v. Ellett*, 35 Va. App. 97, 542 S.E.2d 816 (2001). It is thus action by one party that prevents an opposing party from presenting its evidence to a disinterested trier of fact.

The failure of a clerk to record in an order book an indictment returned "a true bill" and signed by the foreman or his loss of the order book is not extrinsic fraud. Neither act would prevent a fair submission of the case to the court.

### The Loss of the Order Book

Having failed to establish either his entitlement to file the "independent action in equity" or fraud on the court, I shall nonetheless consider the petitioner's pleading to be a motion to set aside a void conviction under *Matthews v. Commonwealth, supra.*

An affidavit executed by the chief deputy clerk of this court indicates the order of which the petitioner complains was inadvertently destroyed some time before 2005.

In *Commonwealth v. Cawood*, 4 Va. (2 Va. Cas.) 527 (1826), the defendant was indicted for murder. Before his trial, he moved to have the indictment dismissed for, *inter alia*, the failure to record the indictment on the order book. The Court held, over two dissents, that an indictment in the court's records returned a true bill and signed by the foreman did not suffice. It was necessary "that a record should have been made of the finding on the Order Book." 4 Va. at 542.

*Cawood's Case* was cited with approval in *Simmons v. Commonwealth*, 89 Va. 156, 15 S.E. 386 (1892), in which the defendant was indicted, tried, and convicted of murder. On appeal he claimed there was no record of the finding of the indictment on the order book. The Supreme Court unanimously held this was a fatal defect. Until the indictment is returned in open court and recorded, "the accused is *not indicted*." 89 Va. at 157, 15 S.E. at 387. (emphasis in original).

However, in *Hanson v. Smyth*, 183 Va. 384, 32 S.E.2d 142 (1944), the Supreme Court limited the rule of *Cawood's Case* to direct appeals from the judgment of conviction:

> by the weight of authority, in the absence of a constitutional provision that a felony may be prosecuted only by indictment, a judgment of conviction is not amenable to a collateral attack in a *habeas corpus* proceeding on the ground that there is no proper record of the fact that the grand jury found an indictment against the accused. Such irregularity or defect may be attacked only directly by an appeal from the judgment of conviction.
>
> While the Fifth Amendment to the Federal Constitution requires a presentment or indictment in prosecutions under Federal statutes "for a capital, or otherwise infamous crime," the Virginia Constitution contains no such requirement. In this State the requirement is merely statutory.

183 Va. at 390, 32 S.E.2d at 144 (citations omitted). This is not a *habeas corpus* proceeding, but nor is it a direct appeal from the judgment of conviction. Because of the holding in *Hanson*, I need not determine whether Rule 3A:9(b)(1) applies.

Ms. Campbell shall prepare the appropriate final order dismissing the action and waiving the petitioner's endorsement pursuant to Rule 1:13.