COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Petty, O'Brien and AtLee
Argued at Lexington, Virginia


JOSHUA MARCEL DAVIS

                                              MEMORANDUM OPINION[*] BY
v.       Record No. 0215-15-3              JUDGE MARY GRACE O'BRIEN
                                                    MAY 3, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James J. Reynolds, Judge

M. Lee Smallwood, II (Office of the Public Defender, on brief), for
appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Joshua Marcel Davis ("appellant") was charged with forgery of a public record in

violation of Code § 18.2-168.  The court denied his pre-trial motion to suppress and appellant

entered a conditional guilty plea, thereby preserving the suppression issue for appeal.

Appellant asserts the following assignment of error:

> The trial court erred in conducting a trial of Mr. Davis when it
> lacked the jurisdiction to do so because no order recording the
> presentation of the indictment in open court had been entered.
> This assignment of error was not preserved by any argument or
> objection, but no preservation is necessary because this is a
> challenge to jurisdiction.  In the alternative, Mr. Davis contends
> that the lack of jurisdiction is sufficient to successfully invoke the
> ends of justice provision of Rule 5A:18 of the Rules of the
> Supreme Court of Virginia.

Finding no error, we affirm the decision of the trial court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

In the early morning hours of April 7, 2014, Officer J.A. Pulley stopped a vehicle driven by appellant because the officer noticed a defective light on the rear license plate.  Appellant identified himself as "Steve Davis," his brother's name, and gave his brother's date of birth.  Information from the Department of Motor Vehicles indicated that Steve Davis's license was suspended.  Officer Pulley issued a summons to appellant for driving with a suspended license, and appellant signed the summons with the name "Steve Davis."

Appellant's brother, Steve Davis, subsequently contacted Officer Pulley and advised him that he was in Florida on April 7, and was not the person stopped by the officer.  Following an investigation, appellant was charged with forging a public record in violation of Code § 18.2-168.  The grand jury returned an indictment against appellant on October 27, 2014.

At a suppression hearing on November 19, 2014, appellant argued that the police officer had no reasonable suspicion to stop his vehicle on April 7, 2014.  The trial court denied the suppression motion, and appellant entered a conditional guilty plea under Code § 19.2-254.  The court accepted the plea, found appellant guilty, and continued the case for sentencing until January 5, 2015.  On that date, the court sentenced appellant to serve five years of incarceration in the state penitentiary with two years and six months of that sentence suspended.

On January 13, 2015, the court entered an order memorializing the indictments the grand jury returned on October 27, 2014.  The order reflected that the grand jury met on October 27, 2014 "and, having been charged by the [c]ourt withdrew to their room and after some time returned into open [c]ourt and made the following presentments," including a true bill on a felony indictment against appellant for the charge of forgery of a public record.

Appellant filed a motion for reconsideration of his sentence on March 3, 2015.  The motion was denied.  Appellant never raised the issue of the timeliness of the order reflecting the

grand jury's action at any of his pre-trial or post-trial motions; he asserts it for the first time on appeal.

## II.  ANALYSIS

### A.  Standard of Review

Appellant argues that his indictment for forgery was invalid because it was not properly recorded prior to trial.  "The validity of the indictment is a question of law which we review *de novo*."  Howard v. Commonwealth, 63 Va. App. 580, 583, 760 S.E.2d 828, 829 (2014).  See also Reed v. Commonwealth, 281 Va. 471, 477, 706 S.E.2d 854, 857 (2011).

### B.  Code § 19.2-254

"When an accused enters a voluntary and intelligent plea of guilty to an offense, he waives all defenses except those jurisdictional."  Savino v. Commonwealth, 239 Va. 534, 538, 391 S.E.2d 276, 278 (1990).  Because appellant entered a conditional guilty plea, his basis for appeal is limited to "a review of the adverse determination of any specified pretrial motion."  Code § 19.2-254.  See also Johnson v. Commonwealth, 38 Va. App. 137, 143, 562 S.E.2d 341, 344 (2002).

Appellant's only contention during the pre-trial motion to suppress was that the police officer impermissibly stopped him.  Code § 19.2-254 limits an appeal from a conditional guilty plea to only those issues arising out of the trial court's denial of a motion to suppress.  Because appellant concedes that he never raised the issue of the delayed entry of the order at his pre-trial suppression hearing, Code § 19.2-254 precludes review of the issue on appeal unless the issue is jurisdictional.

### C.  Rule 5A:18

Appellant is also limited by Rule 5A:18, which provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable

certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "The same argument must have been raised, with specificity, at trial before it can be considered on appeal." Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004). Additionally, the objection must be timely, or "at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error." Johnson v. Raviotta, 264 Va. 27, 33, 563 S.E.2d 727, 731 (2002).

Appellant contends that he is not bound by the strictures of Rule 5A:18 because the trial court never had jurisdiction to hear his case due to the purported defect in the indictment process. Subject matter jurisdiction "cannot be waived and any judgment rendered without it is void *ab initio*." Moore v. Commonwealth, 259 Va. 431, 437, 527 S.E.2d 406, 409 (2000). Lack of subject matter jurisdiction may be raised at any time. Humphreys v. Commonwealth, 186 Va. 765, 772-73, 43 S.E.2d 890, 894 (1947).

Code § 19.2-217 provides that "no person shall be put upon trial for any felony, unless an indictment or presentment shall have first been found or made by a grand jury in a court of competent jurisdiction." Rule 3A:5(c) of the Supreme Court of Virginia states: "[t]he indictment shall be endorsed 'A True Bill' or 'Not a True Bill' and signed by the foreman. The indictment shall be returned by the grand jury in open court." Appellant does not contest that the grand jury returned an indictment against him on October 27, 2014, and he does not assign error to the substance of the indictment, but he asserts that the delayed entry of the order on January 13, reflecting the grand jury's action, invalidated his conviction.

The requirement for a felony prosecution to be initiated pursuant to an indictment is statutory, not constitutional. Code § 17.1-513 provides that "[t]he circuit courts shall . . . have original jurisdiction of all indictments for felonies." However, "there is no constitutional

requirement that prosecutions for felony be by indictment.  The requirement is merely statutory . . . [and] may be waived."  Livingston v. Commonwealth, 184 Va. 830, 836, 36 S.E.2d 561, 564 (1946) (citation omitted).

In Hanson v. Smyth, 183 Va. 384, 387-89, 32 S.E.2d 142, 143-44 (1944), the defendant challenged his conviction in a *habeas corpus* proceeding, and alleged that the record did not show that the indictment was returned in court after the grand jury met.  The Supreme Court of Virginia found that because an indictment may be waived, it is not jurisdictional.  Id. at 390-91, 32 S.E.2d at 144.  The Court held that because "the statutory requirement for an indictment . . . is not jurisdictional, the failure of the record to show affirmatively that the indictment was returned into court by the grand jury is not such a defect as will render null and void the judgment of conviction based thereon."  Id.  Accordingly, we find that the trial court did not lack subject matter jurisdiction.  Because the trial court properly had jurisdiction, and appellant failed to raise this argument below, appellant's argument on appeal is barred by Rule 5A:18.

### D.  Ends of Justice Exception

In the alternative, appellant argues that the ends of justice exception to the requirements of Rule 5A:18 mandates reversal of his conviction.  To invoke the exception, appellant must establish "(1) that the trial court erred, and (2) that a grave or manifest injustice will occur or the appellant will be denied essential rights."  Brittle v. Commonwealth, 54 Va. App. 505, 513, 680 S.E.2d 335, 339 (2009).  It is not enough for an appellant to show that a miscarriage of justice "*might* have occurred."  See Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997).  Instead, appellant "must affirmatively show that a miscarriage of justice has occurred."  Id.  "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant."  Brittle, 54 Va. App. at 514, 680 S.E.2d at 340.

Appellant's sole contention in support of the "ends of justice" exception is his claim that the trial court lacked jurisdiction to accept his guilty plea. We reject that claim and find that appellant was not deprived of any constitutional rights. He waived the reading of the indictment prior to his conditional guilty plea, and he acknowledged during the court's colloquy that he was the individual named in the indictment. Any defect in the timing of the order memorializing the grand jury's return of the indictment was merely procedural and did not violate appellant's constitutional rights or deprive the court of jurisdiction. Accordingly, we deny appellant's request to consider his assignment of error under the "ends of justice" exception to Rule 5A:18, and we affirm the ruling of the trial court.

## III. CONCLUSION

For the foregoing reasons, the decision of the trial court is affirmed.

<u>Affirmed.</u>