# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Commonwealth of Virginia

 v.

Phillip James Ostrander

 Case Nos. (Criminal) CR05-3536, CR05-3537

BY JUDGE RANDALL D. SMITH

## May 17, 2016

This matter is before the Court on defendant's Motion To Vacate Judgment, filed on April 21, 2016, as amplified in the Memorandum in Support of Motion To Vacate Judgment, also filed on April 21, 2016. The Commonwealth filed a Response to Motion To Vacate Judgment with the Court on May 13, 2016. As this matter presents solely issues of law, which have been fully briefed by counsel, a hearing is not necessary and the Court will rule based upon the written submissions of counsel.

### I. Facts and Procedural History

As a result of efforts "on or about August 28, 2005," to have the purported paramour of his estranged wife killed, defendant, Phillip James Ostrander, was indicted by the grand jury for solicitation to commit murder in violation of Va. Code § 18.2-29 (CR05-3536) and attempted capital murder by hiring another person to commit murder in violation of Va. Code §§ 18.2-31 and 18.2-25 (CR05-3537). The indictments are filed, respectively, in the Court's files for case numbers CR05-3536 and CR05-3537. Both indictments were returned as true bills, were signed by the grand jury foreman on December 6, 2005, and indicate that the grand jury witness was Detective G. Evans of the Chesapeake Police Department.

At the beginning of the trial on those charges, defendant pleaded guilty to the solicitation to commit murder charge; he then moved to dismiss the attempted capital murder for hire charge, arguing the prosecution of

that charge was barred on double jeopardy grounds because solicitation to commit murder is a lesser-included offense of attempted capital murder for hire. The Court accepted defendant's guilty plea and took the motion to dismiss under advisement. Immediately thereafter, defendant pleaded not guilty to the attempted capital murder for hire charge and was tried by a jury on that charge.

The jury found the defendant guilty of attempted capital murder for hire and recommended a sentence of thirty years' imprisonment. At the sentencing hearing, the Court denied defendant's motion to dismiss, concluding that the charges were separate offenses and not barred on double jeopardy grounds. The Court then convicted the defendant upon his guilty plea of solicitation to commit murder, and sentenced defendant on that conviction to ten years' imprisonment, with all ten years suspended upon certain conditions, and imposed the thirty-year sentence fixed by the jury on the attempted capital murder for hire conviction. Defendant appealed, and the judgment was subsequently affirmed by the Court of Appeals. *Ostrander v. Commonwealth*, 51 Va. App. 386, 398, 658 S.E.2d 346, 351 (2008), *petition for appeal refused*, Record No. 080733 (Sup. Ct. Va. July 30, 2008).

On July 30, 2009, defendant filed a Petition for Writ of Habeas Corpus by counsel in this Court. Defendant's counsel at that time, Mr. Hargett, was permitted to withdraw by order entered January 4, 2011. The Court dismissed the Petition for Writ of Habeas Corpus by order on May 24, 2011. The defendant's subsequent petition for appeal was dismissed by the Supreme Court of Virginia for failure to timely file the notice of appeal. *Ostrander v. Director, Va. Dep't of Corr.*, Record No. 130806 (Sup. Ct. Va. Aug. 5, 2013). It appears that defendant then filed for habeas relief in the United States District Court for the Eastern District of Virginia, which was denied and dismissed on May 23, 2014. *Ostrander v. Director, Va. Dep't of Corr.*, 2014 U.S. Dist. LEXIS 71254 (E.D. Va. 2014), *certificate of appealability denied*, 590 Fed. Appx. 242 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 298, 193 L. Ed. 2d 100 (2015). Defendant has now filed a Motion To Vacate Judgment in this Court.

## II. *Defendant's Motion To Vacate*

Defendant seeks to attack the convictions as void *ab initio*, and asserts that this Court has jurisdiction pursuant to Va. Code § 17.1-513. Defendant argues that "[l]ong-standing binding legal precedent requires proper grand jury proceedings to have been followed in order for a court to have jurisdiction in a criminal case." (Mot. To Vacate, at 1.) Defendant posits that, in order for this Court to have had jurisdiction, the defendant "had to have been properly indicted by a grand jury, the indictment must be presented in open court, and the indictment properly recorded. A detailed

review of the records of this Court show no indication that [defendant]'s grand jury indictment was ever properly recorded." *Id.*

In the Memorandum in Support, counsel for the defendant cites *Commonwealth v. Cawood,* 4 Va. (2 Va. Cas.) 527 (1826), for the proposition that the failure to record a grand jury indictment in a court's order book deprives a court trying a case of jurisdiction. *Id.* at 541-42; *see also Simmons v. Commonwealth,* 89 Va. 156, 157, 15 S.E. 386, 387 (1892) ("[T]he indictment, to be valid, must be presented in open court, and the fact recorded.").

## III. *Discussion*

In *Cawood,* the defendant was indicted for murder. Prior to his trial, he moved to dismiss the indictment for, among other things, the failure to record the indictment on the order book. The Court held that an indictment in the court's records, which was returned a true bill and signed by the grand jury foreman, was not sufficient; it was necessary "that a record should have been made of the finding on the Order Book." 4 Va. at 542. *Cawood* was followed by the Supreme Court in *Simmons,* a case in which the defendant was indicted, tried, and convicted of murder. On direct appeal, the defendant asserted that there was no record of the finding of the indictment in the order book. The Court held that this defect was fatal and that, until an indictment is returned in open court and recorded, "the accused is *not indicted.*" 89 Va. at 157, 15 S.E. at 387 (emphasis in original).

Importantly, however, in *Hanson v. Smyth,* 183 Va. 384, 32 S.E.2d 142 (1944), cited by the Commonwealth in its Response, the Supreme Court limited the holding of *Cawood* to direct appeals from the judgment of conviction. *Id.* at 390, 32 S.E.2d at 144. In *Hanson,* an inmate, who was sentenced pursuant to several judgments of conviction, contended that one sentence for the term of ten years was void, *inter alia,* because the record failed to show that the indictment was returned by the grand jury into open court and properly recorded. The Court reasoned:

> [B]y the weight of authority, in the absence of a constitutional provision that a felony may be prosecuted only by indictment, a judgment of conviction is not amenable to a collateral attack in a habeas corpus proceeding on the ground that there is no proper record of the fact that the grand jury found an indictment against the accused. *Such irregularity or defect may be attacked only directly by an appeal from the judgment of conviction.* While the Fifth Amendment to the Federal Constitution requires a presentment or indictment in prosecutions under Federal statutes "for a capital, or otherwise infamous crime," the Virginia Constitution contains no such requirement. In this State the requirement is merely statutory.

> . . . Since the statutory requirement for an indictment in the present case is not jurisdictional, the failure of the record to show affirmatively that the indictment was returned into court by the grand jury is not such a defect as will render null and void the judgment of conviction based thereon.

*Id.* at 390-91, 32 S.E.2d at 144 (emphasis added) (citations omitted).

Thus, the Supreme Court limited the rule in *Cawood* to direct appeals from the judgment of conviction. *See Cunningham v. Hayes*, 204 Va. 851, 854, 134 S.E.2d 271, 274 (1964) ("In Virginia there is no constitutional requirement that prosecutions for felonies be by indictment. The requirement is merely statutory and may be waived by the accused."); *Davis v. Commonwealth*, No. 0215-15-3, 2016 Va. App. LEXIS 148, at *4-7 (May 3, 2016) (unpublished opinion) (holding that, in accord with *Hanson*, a trial court properly had subject matter jurisdiction, despite defects in the indictment process, where the court did not enter the order memorializing the indictments returned by the grand jury until eight days after sentencing); *Turner v. Commonwealth*, 90 Va. Cir. 322, 325-26 (Norfolk City 2015) (applying the holding in *Hanson* where the defendant claimed, in an independent action attacking the judgment as void, that his convictions must be set aside because the clerk's office had inadvertently destroyed the order book that would have recorded his indictments). Va. Code § 19.2-227 provides: "Judgment in any criminal case shall not be arrested or reversed upon any exception or objection made after a verdict to the indictment or other accusation, unless it be so defective as to be in violation of the Constitution." *Cf.* Rule 3A:9(b). Here, defendant did not object to any defect in the indictment process before the verdict, or on direct appeal of the judgments.

## IV. *Conclusion*

The Court finds that, pursuant to *Hanson* and Va. Code § 19.2-227, the Court did not lack subject matter jurisdiction due to any defect in the indictment process, and that defendant cannot attack the judgments at this stage, as any objection has been waived. Therefore, defendant's Motion To Vacate Judgment is denied.

## June 16, 2016

The Court is in receipt of Phillip James Ostrander's Motion for Reconsideration, Memorandum in Support of Motion for Reconsideration, Motion for Recusal, and Notice of Appeal.

In regards to Ostrander's Motion for Recusal, despite Mr. Dale R. Jensen's unartful employment of borderline-contemptuous language and

implication in the motion,[1] he fails to cite any authority that would support a ruling made "a scant four days" after receipt of the Commonwealth's one-page response as a basis for recusal of a judge. To the contrary, the "mission of Virginia's judicial system is to assure that disputes are resolved justly, *promptly*, and economically. Supreme Court of Virginia Information Pamphlet, at 2 (emphasis added). Mr. Jensen filed the Motion To Vacate Judgment, along with a ten-page Memorandum in Support on April 21, 2016, allowing the Court sufficient time to consider the Motion To Vacate and the Commonwealth's response prior to issuing its ruling. Therefore, the Motion for Recusal is denied.

With respect to Ostrander's Motion for Reconsideration and Memorandum in Support, the Court has considered Mr. Jensen's arguments. On May 31, 2016, the Court of Appeals handed down the published opinion *Epps v. Commonwealth*, No. 0148-15-3, 66 Va. App. 393, 2016 Va. App. LEXIS 175 (2016), in which the Court relied upon *Hanson v. Smyth*, 183 Va. 384 (1944). Citing *Hanson*, the Court of Appeals noted that, "because an indictment may be waived, it is not jurisdictional." *Epps*, 2016 Va. App. LEXIS 175, at *7 (citing *Hanson*, 183 Va. at 390-91). The Court of Appeals also quoted the holding in *Hanson*: "[T]he failure of the record to show affirmatively that the indictment was returned into court by the grand jury is not such a defect as will render null and void the judgment of conviction based thereon." *Id.* at *8 (quoting *Hanson*, 183 Va. at 390-91). Upon careful consideration, the Court is not persuaded that the ruling set forth in the May 17, 2016, letter opinion is erroneous; therefore, Ostrander's Motion for Reconsideration is denied.

---

[1] *See* Va. Code § 18.2-456(3)-(4). Canon 3(B)(3) of the Virginia Canons of Judicial Conduct provides that a judge must "require order, decorum, and civility in proceedings." Subsection (4) of Canon 3(B) further mandates that a judge be "patient, dignified, and courteous" and also compels that a judge require the same of lawyers. *See also* Va. R. of Prof. Conduct 8.2 (Committee Commentary) (noting "the dignity of courts and the attendant requirement that judicial officials be treated with respect"). The verb "parrot," which carries a negative connotation, is defined as: "to chatter like a parrot; esp : repeat something mechanically in the manner of a trained parrot . . . 1: to repeat mechanically or by rote in the manner of a trained parrot : imitate the form of without understanding the sense or meaning involved . . . 2 : to teach to repeat in the mechanical manner of a parrot." *Webster's Third New International Dictionary* 1644 (2002). Command of language is at the heart of the practice of law, and "[w]ords are the lawyer's tools of trade." Lord Denning, M.R., *The Discipline of Law* 5 (Butterworths 1979). The choice of words is of primary importance because "words are the vehicle of thought." *Id.* Mr. Jensen is admonished to choose his words more carefully in the future. *See id.* at 5-8.