UPON A REHEARING EN BANC
ROBERT J. HUMPHREYS, Judge.
This matter comes before the Court on a rehearing en banc from a decision of a divided panel rendered July 2, 2002. See Harris v. Commonwealth, 02 Vap UNP 1615012, 2002 WL 1419890 (Va.App.2002). The panel affirmed Harris’ conviction for driving without a license, in violation of Code § 46.2-300, finding that the summons upon which he was tried was sufficient to present the charge for trial. By order dated August 19, 2002, we granted Harris’ petition for a rehearing en banc, stayed the mandate of that decision, and reinstated the appeal. Upon rehearing en banc we find that Harris’ objection to his prosecution on the basis of the summons was procedurally barred and we, therefore, affirm his conviction.
On December 13,1999, Officer Josh Linger of the Richmond Police Department came upon Harris’ car parked in the travel lane on Marshall Street in front of Singer Hall on the Virginia Commonwealth University/Medical College of Virginia campus. Marshall Street is a one-lane street, and Harris’ car was obstructing traffic. The car was unoccupied, but its hazard lights were on.
Harris came out of Singer Hall, and Officer Linger asked to see his driver’s license. Officer Linger then ran a check on Harris’ license and determined that his license was suspended. *673 Officer Linger also observed that the car displayed a state vehicle inspection rejection sticker noting defective brakes.
Harris admitted that he knew the car had failed inspection, but denied knowing about the license suspension. He told Officer Linger he drove the car for work, making deliveries, and that he had made a delivery in Singer Hall. Officer Linger issued Harris a summons for driving his car on a suspended license in violation of Code § 46.2-301.
The district court convicted Harris of driving a motor vehicle without a license, in violation of Code § 46.2-300. Harris appealed to the trial court.
Upon the conclusion of the evidence in his bench trial, Harris moved to strike the charge, arguing that Code § 19.2-81 required Officer Linger to obtain a warrant to charge a misdemeanor offense not committed in his presence.[1] The Commonwealth responded that no warrant was necessary because Harris told Officer Linger he had been driving; thus, the requirement that the offense be committed in the officer’s presence, pursuant to Code § 19.2-81, was satisfied. The trial court denied the motion and convicted Harris under the summons.
Harris subsequently filed a motion to reconsider restating his contention that Code § 19.2-81 required Officer Linger to charge Harris on a warrant versus a summons, because the offense was not committed in Officer Linger’s presence. The Commonwealth responded that the trial court heard adequate evidence that Harris committed the offense and “[t]hat any defect in the warrant [sic] which would have rendered defendant’s arrest unconstitutional would necessarily needed to have been addressed by counsel for the defense in a motion to suppress.” The trial court then denied the motion, finding that the issue was a “statutory question,” and that “even *674 though [Harris] wasn’t in the car,” the evidence proved he was driving.
Harris appeals the trial court’s finding in this regard, contending that the court erred in trying Harris on the charge “where the summons issued was not a valid process to present the charge for trial.” In response, the Commonwealth argues, for the first time on appeal, that Harris procedurally defaulted on this claim because he failed to raise a defense or objection “based upon defects in the institution of the prosecution,” seven days prior to trial, as required by Supreme Court of Virginia Rule 3A:9(b) and (c). We agree.
Rule 3A:9 states, in relevant part, as follows:
(b) The Motion Raising Defenses and Objections.
(1) Defenses and Objections That Must Be Raised Before Trial. — Defenses and objections based on defects in the institution of the prosecution or in the written charge upon which the accused is to be tried, other than that it fails to show jurisdiction in the court or to charge an offense, must be raised by motion made within the time prescribed by paragraph (c) of this Rule. The motion shall include all such defenses and objections then available to the accused. Failure to present any such defense or objection as herein provided shall constitute a waiver thereof. Lack of jurisdiction or the failure of the written charge upon which the accused is to be tried to state an offense shall be noticed by the court at any time during the pendency of the proceeding.
(2) Defenses and Objections That May Be Raised Before Trial. — In addition to the defenses and objections specified in subparagraph (b)(1) of this Rule, any defense or objection that is capable of determination without the trial of the general issue may be raised by motion before trial. Failure to present any such defense or objection before the jury returns a verdict or the court finds the defendant guilty shall constitute a waiver thereof.
*675 (c) Time of Filing Notice or Making Motion. — A motion referred to in subparagraph (b)(1) shall be filed or made before a plea is entered and, in a circuit court, at least 7 days before the day fixed for trial, and a copy of such motion shall, at the time of filing, be mailed to the judge of the circuit court who will hear the case, if known.
# * * # # *
(d) Relief From Waiver. — For good cause shown the court may grant relief from any waiver provided for in this Rule.
(Emphases added.)
“Rule 3A:9 recognizes a class of defenses and motions which must be raised before trial, and a separate class which may be raised before trial.” Harward v. Commonwealth, 5 Va.App. 468, 474, 364 S.E.2d 511, 514 (1988). The plain language of the Rule states that the requirements of Rule 3A:9(b)(l) are mandatory, and “[fjailure to raise such [defenses] properly is a waiver,” unless “good cause” is shown. Freeman v. Commonwealth, 14 Va.App. 126, 127, 414 S.E.2d 871, 872 (1992); see also Rule 3A:9(b)-(d).
Because Harris did not comply with the notice provisions of Rule 3A:9 and did not show “good cause,” he waived any “[d]efense[] [or] objection[] based on defects in the institution of the prosecution or in the written charge upon which [he was] to be tried,” including any defense or objection pursuant to Code § 19.2-81.
Although the Commonwealth raised this argument for the first time on appeal, we have long held that “Rule 5A:18 does not require an appellee to raise an issue at trial before it may be considered on appeal, where the issue is not offered to support reversal of a trial court ruling.” Driscoll v. Commonwealth, 14 Va.App. 449, 451-52, 417 S.E.2d 312, 313 (1992) (“An appellee is subject to the limitations of Rule 5A:18 only where it asserts an error that seeks to reverse a judgment.” (citations omitted)). “The question we must address, therefore, is whether we may apply the right for the wrong reason rationale to affirm the judgment in this case.” Id. at *676 452, 417 S.E.2d at 313. “An appellate court may affirm the judgment of a trial court when it has reached the right result for the wrong reason.” Id. However,
The rule does not always apply. It may not be used if the correct reason for affirming the trial court was not raised in any manner at trial. In addition, the proper application of this rule does not include those cases where, because the trial court has rejected the right reason or confined its decision to a specific ground, further factual resolution is needed before the right reason may be assigned to support the trial court’s decision.
Id. at 452, 417 S.E.2d at 313-14 (citation omitted).
Here, although stating that Harris should have raised the motion in the form of a motion to suppress, the Commonwealth clearly argued that in making his argument in the form of a motion to strike after the trial had commenced, Harris raised the motion improperly and, therefore, waived any objections made at such a “late juncture.” Thus, the reason for the proper resolution of Harris’ motion was raised before the trial court, albeit inartfully, and the facts in the record fully support the procedural bar. Accordingly, we find the trial court appropriately denied Harris’ motion in this regard as Harris had waived any objection with respect to the summons and the trial court.
Therefore, we hold that the trial court was correct, although for the wrong reason, in denying Harris’ motion to strike and subsequent motion to reconsider. Accordingly, we do not address the merits of Harris’ argument and affirm the judgment of the trial court.

Affirmed.

. Code § 19.2-81 provides, in relevant part, that police officers "may arrest, without a warrant, any person who commits any crime in the presence of the officer and any person whom he has reasonable grounds or probable cause to suspect of having committed a felony not in his presence.”