COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Petty and Senior Judge Coleman
Argued by teleconference


DUANE MICHAEL JOHNSON
                                                    MEMORANDUM OPINION* BY
v.        Record No. 1178-05-3                CHIEF JUDGE WALTER S. FELTON, JR.
                                                        OCTOBER 10, 2006
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                              Charles J. Strauss, Judge

            Joseph A. Sanzone (Sanzone & Baker, P.C., on brief), for appellant.

            Alice T. Armstrong, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Duane Michael Johnson (appellant) was convicted in a jury trial of three charges of forcible

sodomy, nine charges of aggravated sexual battery, and twelve charges of custodial indecent

liberties.  On appeal, he asserts in his question presented that his convictions should be reversed

because the allegations in the indictments were so vague that they denied him an opportunity to

provide a defense and encouraged the jury to speculate as to the number of offenses he had

committed.  For the reasons that follow, we affirm appellant's convictions.

        The Commonwealth indicted appellant for twelve charges of forcible sodomy in violation of

Code § 18.2-67.1, and twelve charges of custodial indecent liberties in violation of Code

§ 18.2-370.1, committed "[b]etween March 1, 2002 and January 26, 2004, in the County of

Pittsylvania."  For the first time on appeal, appellant challenges the sufficiency of these indictments.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant's sole question presented reads:

> Whether the allegation in the indictment is so vague as to deny the defendant an opportunity to provide a defense or so vague that it would have encouraged the jury to speculate concerning the number of offenses or the circumstances concerning whether an offense was committed[.]

Appellant's lone question presented attacks the "written charge[s]" upon which he was tried. See Rule 3A:9. While appellant argued on brief and during oral argument that the *evidence* was insufficient to support his convictions, we will only consider the issue expressly stated in his question presented, and on which the Court granted this appeal. See Parker v. Commonwealth, 42 Va. App. 358, 373, 592 S.E.2d 358, 366 (2004) (citing Rule 5A:12) (an argument that is not presented in the petition for appeal and granted by this Court will not be considered). See also Clements v. Riverside Walter Reed Hosp., 40 Va. App. 214, 228 n.9, 578 S.E.2d 814, 820 n.9 (2003) (citing Rule 5A:20(c)-(e); Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001)) (declining to address an argument that was not among the questions presented).

Challenges to the sufficiency of an indictment or a criminal information "must be raised by motion" at least seven days before the scheduled trial date. Rule 3A:9(b)-(c).[1] "[T]he requirements of Rule 3A:9(b)(1) are mandatory, and '[f]ailure to raise such [objections] properly is a waiver,' unless 'good cause' is shown." Harris v. Commonwealth, 39 Va. App. 670, 674-75, 576 S.E.2d 228, 230 (2003) (en banc) (quoting Freeman v. Commonwealth, 14 Va. App. 126, 127, 414 S.E.2d 871, 872 (1992)).

---

[1] We also note that appellant did not file a motion for a bill of particulars prior to trial. See Code § 19.2-230 ("A motion for a bill of particulars shall be made before a plea is entered and at least seven days before the day fixed for trial[.]"). See also Livingston v. Commonwealth, 184 Va. 830, 840, 36 S.E.2d 561, 566 (1946) ("If the accused was not satisfied with the indictment he should have . . . called for a bill of particulars at the proper time.").

Our review of the record reveals that appellant failed to comply with Rule 3A:9. He did not file a written motion objecting to the indictments on vagueness grounds at any time prior to trial. Moreover, he did not ask that we consider the "good cause" exception to Rule 3A:9, nor does our review of the record reflect a basis for our applying that exception. Appellant's failure to comply with the requirements of Rule 3A:9 constitutes a waiver of his objection to the indictments. See Harris, 39 Va. App. at 675, 576 S.E.2d at 231 (holding that because appellant "did not comply with the notice provisions of Rule 3A:9 and did not show 'good cause' he waived any 'objection[] based on defects in the institution of the prosecution or in the written charge upon which [he was] to be tried'"). Accordingly, we decline to consider the merits of appellant's claim that the indictments were so vague as to prevent him from preparing a defense or to cause the jury to speculate whether and when the instances took place. Appellant's convictions are therefore affirmed.

Affirmed.