COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Judges Frank and Beales
Argued at Chesapeake, Virginia


MARQUES LATAI WALKER

MEMORANDUM OPINION* BY
v.       Record No. 0775-06-1        JUDGE ROBERT P. FRANK
MAY 22, 2007

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Bonwill Shockley, Judge

Annette Miller, Senior Assistant Public Defender (Office of the
Public Defender, on brief), for appellant.

Gregory W. Franklin, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Marques Latai Walker, appellant, was convicted, in a bench trial, of attempted carjacking, in

violation of Code § 18.2-58.1, and use of a firearm in the commission of a felony, in violation of

Code § 18.2-53.1.  On appeal, appellant challenges the sufficiency of the evidence.  For the reasons

stated, we affirm the convictions.

BACKGROUND

On July 21, 2005, at 1:30 a.m., D.C. was a passenger in a vehicle driven by a man she only

knew as Jason, whom she met the day before.  As Jason drove into the parking lot of a motel, she

noticed two men approaching the vehicle.  Jason opened the driver's door to observe the curb as he

was backing into a parking space.  One of the men said, "Get out of the car."  That man pointed a

gun at Jason and tried to further open the partially opened driver's door.  Appellant, who was not

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

holding a gun, "tried to grab the back door." The gunman again ordered Jason out of the car, but Jason replied, "I'm not getting out. You're not getting my car."

Jason sped off with his door still open and found a police officer nearby. Appellant was still in eyesight when the car stopped. D.C. testified she never lost sight of appellant and that the area where the incident occurred was well-lit. Jason pointed out appellant to the officer.

As the officer approached appellant and his companion, the two men fled. The officer apprehended appellant. As appellant sat in the police cruiser, D.C. identified appellant as the man who attempted to open the rear door.

After being given his Miranda warnings, appellant admitted being in the same motel parking lot, and admitted seeing a man with a gun. Appellant denied involvement in the incident. When asked to identify the man with the gun, appellant responded, "[u]nless you can do something for me, I can't help you." The interview concluded.

This appeal follows.

## ANALYSIS

Appellant challenges the sufficiency of the evidence on four grounds: (1) the amended indictment lacked specificity; (2) there was no evidence the driver had a possessory interest in the vehicle; (3) there was no evidence appellant or his companion wanted possession of the vehicle; and (4) the evidence was insufficient to prove the elements of the offenses.

### Specificity of Indictment

Appellant first raised an objection to the indictment at the sentencing hearing, over four months after the guilty verdict was rendered. We hold that the objection was not timely made.

Rule 3A:9(b)(1) requires non-jurisdictional defects in an indictment to be raised prior to entry of a plea. Since appellant's objection to the indictment was made after he entered his plea of not guilty, he has waived any objection to the indictment. "The plain language of the Rule states

that the requirements of Rule 3A:9(b)(1) are mandatory, and '[f]ailure to raise such [defenses] properly is a waiver,' unless 'good cause' is shown." Harris v. Commonwealth, 39 Va. App. 670, 675, 576 S.E.2d 228, 230 (2003) (*en banc*) (quoting Freeman v. Commonwealth, 14 Va. App. 126, 127, 414 S.E.2d 871, 872 (1992)).

While Rule 3A:9(d) allows, "[f]or good cause shown the court may grant relief from any waiver provided for in this Rule," appellant made no such request for relief before the trial court.

Possessory Interest

Appellant argues there was no evidence that Jason had a possessory interest in the vehicle that was the subject of the offense.[1]

When the sufficiency of the evidence is challenged on appeal, we review the evidence in the "light most favorable" to the Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). That principle requires us to "'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Kelly v. Commonwealth, 41 Va. App. 250, 254, 584 S.E.2d 444, 446 (2003) (*en banc*) (quoting Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998)).

"Carjacking" is defined as:

> the intentional seizure or seizure of control of a motor vehicle of another with intent to permanently or temporarily deprive *another in possession or control of the vehicle* of that possession or control by means of partial strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting a person in fear of serious bodily harm, or by the

---

[1] In his brief, appellant also argues that there was no evidence that Jason had a possessory interest in the vehicle that was "superior" to that of appellant or his companion. As appellant did not include this argument in his questions presented, we will not address it on appeal. Rule 5A:20; Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (finding that "an issue [was] not *expressly* stated among the 'questions presented,' . . . we, therefore, decline to consider [it] on appeal" (emphasis added)).

> threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever.

Code § 18.2-58.1(B) (emphasis added). "Thus, as to the attempted carjacking charge, the Commonwealth was required to prove that [appellant] intentionally acted to deprive someone in possession or control of [another's] vehicle of his [] possession or control by means specified in Code § 18.2-58.1(B)." Brown v. Commonwealth, 37 Va. App. 507, 520, 559 S.E.2d 415, 422 (2002).

The statute plainly proscribes the taking of a vehicle from one in possession *or* control of the vehicle. The statute does not require any ownership or possessory interest on the part of the victim; the evidence need only prove that Jason was actually or constructively in possession or control of the vehicle at the time of the offense. See id. at 520-21, 559 S.E.2d at 422 (holding that passenger sitting alone in running vehicle, while driver of vehicle was inside of a store, had possession and control over the vehicle as she had the "power to exercise control" over the vehicle).

Clearly, Jason possessed and controlled the subject vehicle. While Jason did not testify, his testimony was not critical to proving the offense. D.C. testified that Jason drove the car to the motel and maintained exclusive control and possession of that vehicle throughout the incident. At trial, appellant contended only that there was no evidence as to ownership of the vehicle; he did not contest that Jason was in actual possession and control of the vehicle at the time of the offense. As such, the evidence was sufficient to prove this element of the offense.

### Intent to Carjack

Next, appellant maintains the evidence fails to prove he and his companion intended to take the vehicle. He contends the evidence is equally susceptible to show the only intent was to rob, abduct or assault the driver.

Code § 18.2-58.1 proscribes "the intentional seizure or seizure of control of a motor vehicle of another . . . ." Thus, one can be guilty of carjacking for either seizing the vehicle or seizing control of the vehicle.

> "Intent in fact is the purpose formed in a person's mind, which may be shown by the circumstances surrounding the offense, including the person's conduct and his statements." Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977). "Intent may, and often must, be proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts are within the province of the trier of fact." Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 183 (1991).

Abraham v. Commonwealth, 32 Va. App. 22, 27, 526 S.E.2d 277, 279 (2000). From the evidence, the fact finder could properly infer appellant attempted to seize the vehicle.

Here, appellant and his companion attempted to enter the vehicle. Appellant's attempt to enter the vehicle from the rear door is inconsistent with an attempt to accost the driver. If such was the intent, appellant would have remained outside the vehicle to assist the gunman in the assault. If Jason had complied with the gunman's demands to exit the vehicle, he would have surrendered control of the vehicle. The trial court could properly infer that appellant and the gunman attempted to seize control and possession of the vehicle.

<u>Elements of the Offense</u>

This part of the sufficiency argument is subsumed in the issues addressed above.

> "We have frequently pointed out that an attempt to commit a crime is composed of two elements: (1) [t]he intent to commit it; and (2) the direct, ineffectual act done toward its commission which must reach far enough toward the accomplishment of the desired result to amount to the commencement of the consummation."

Howard v. Commonwealth, 207 Va. 222, 227, 148 S.E.2d 800, 804 (1966) (quoting Slusher v. Commonwealth, 196 Va. 440, 443-44, 83 S.E.2d 719, 721 (1954)).

In order to convict appellant of carjacking, the evidence must prove appellant intentionally acted to deprive someone in possession or control of the vehicle of his or her possession or control by the means set forth in Code § 18.2-58.1(B).

Here, appellant, in concert with the gunman, intentionally attempted to seize control of the vehicle by trying to enter the vehicle while the gunman pointed a firearm at the driver. The evidence is sufficient to convict of both offenses. We therefore affirm the judgment of the trial court.

<u>Affirmed.</u>