PRESENT: Lemons, C.J., Goodwyn, McClanahan, Powell, Kelsey and McCullough, JJ., and Millette, S.J.

DONALD KEITH EPPS

v. Record No. 161002

OPINION BY
JUSTICE S. BERNARD GOODWYN
June 1, 2017

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether an indictment returned by a grand jury as a true bill in open court is invalid when the order recording the indictment was not entered until after the trial on the indictment, and no objection was made to the indictment until after trial.

BACKGROUND

On October 27, 2014, a grand jury for the City of Danville returned indictments in open court against Donald K. Epps (Epps) for assault and battery, in violation of Code § 18.2-57, and abduction, in violation of Code § 18.2-47. Epps pled guilty to assault and battery, and not guilty to abduction. After a bench trial on November 17, 2014, the circuit court convicted Epps of both charges. On January 5, 2015, the court sentenced Epps to 12 months in jail, with 6 months suspended, for assault and battery, and 5 years in prison, with 2 years suspended, for abduction.

On January 7, 2015, "in contemplation of" an appeal challenging the sufficiency of the evidence, Epps contacted the clerk to obtain the order recording the presentation of his indictments, and learned that no such order had been entered. The same day, Epps moved to dismiss his convictions on the ground that the indictments were improper under *Simmons v. Commonwealth*, 89 Va. 156, 157, 15 S.E. 386, 387 (1892).

On January 13, 2015, the circuit court entered a written order memorializing the grand jury's October 27 actions. After a hearing on January 22, 2015, the court denied Epps's motion to dismiss. Epps appealed to the Court of Appeals of Virginia.

The Court of Appeals affirmed Epps's convictions in a published opinion.[1] *Epps v. Commonwealth*, 66 Va. App. 393, 785 S.E.2d 792 (2016). In assigning error on the ground that the circuit court lacked jurisdiction to try him "because no order recording the presentation of the indictment in open court had been entered" prior to his trial, Epps stated that this issue required no preservation, but nevertheless maintained that the January 7, 2015 motion preserved his objection. The Court of Appeals held that the "validity of an indictment is established by the grand jury returning a true bill in open court and the subsequent entry and recordation of an order memorializing those events," but also cited Supreme Court of Virginia precedent which has held that felony prosecution by way of an indictment is not jurisdictional, and can be waived. *Id.* at 399-400, 785 S.E.2d at 795.

The Court of Appeals noted that Epps challenged only the fact that the presentment order had not been entered prior to his trial, and explained that the timing of the recordation was merely a procedural requirement because no statute, rule or case law contains a time requirement for entry of the order. *Id.* at 400-01, 785 S.E.2d at 796. The Court of Appeals ultimately concluded that Epps was properly indicted because of the long-established principle that a court speaks through its written orders, and the January 13 order specifically stated that the grand jury met on October 27, 2014, and returned a true bill in open court. *Id.*

This Court granted Epps an appeal on the following assignment of error:[2]

---

[1] In the Court of Appeals, Epps challenged the sufficiency of both the indictment and of the evidence. The Court of Appeals found the evidence sufficient, and this Court refused Epps's assignment of error on that issue.

[2] While Epps does not expressly restrict his challenge to the abduction charge, the Court of Appeals limited its consideration of his argument to that charge, noting that he pled guilty to assault and battery. Epps does not challenge this holding, so we similarly confine our analysis to the abduction indictment.

2

The Court of Appeals of Virginia erred in affirming the conviction of Mr. Epps, reasoning that the entry of the order recording that the grand jury returned the petitioner's indictment in open court did not have to be entered prior to his trial because it is a mere procedural requirement.

ANALYSIS

"The validity of [an] indictment is a question of law which we review de novo." *Howard v. Commonwealth*, 63 Va. App. 580, 583, 760 S.E.2d 828, 829 (2014). Similarly, we review compliance with statutes and this Court's Rules de novo. *Woodard v. Commonwealth*, 287 Va. 276, 280, 754 S.E.2d 309, 311 (2014).

Epps asserts that, while it is undisputed that there was clearly an indictment prior to trial and that the indictment was presented in open court prior to trial, his conviction must be reversed because no order recording the presentment of the indictment in open court existed at the time of the trial. He asserts that at the time of the trial he had not been validly indicted, and that this is fatal to his prosecution because it deprived the circuit court of jurisdiction over him.

Epps relies upon precedent set forth by this Court in *Cawood's Case*, 4 Va. (2 Va. Cas.) 527 (1826) and *Simmons*, 89 Va. at 156-57, 15 S.E. 387, in support of his position that he was not properly indicted and his conviction is therefore void.

As properly recounted by the Court of Appeals in its opinion:

In *Cawood*, the defendant's name was not included on the order that listed the indictments returned by the grand jury on April 26-27, 1824. The Supreme Court found that Cawood had not been properly indicted because there was no record that an indictment against him had ever been returned in open court. Because the court found it was "essential that a record should be made of the [grand jury's] finding on the Order Book," the defendant's conviction was reversed.

Likewise, in *Simmons*, there was no evidence that the indictment, which had been endorsed by the foreman as a "true bill," had ever been presented in court and "the fact recorded." No valid indictment could be found in the Lee County Record Book. Based on this omission, the Supreme Court found that "the accused [was] not indicted."

*Epps*, 66 Va. App. at 399, 785 S.E.2d at 795 (citations omitted).

3

Epps claims that under *Cawood* and *Simmons*, a valid indictment requires that (1) the grand jury return a true bill (2) in open court (3) that is recorded by the court. He challenges only element (3), arguing that the indictment against him in this case was not valid because the order was not entered of record until after his trial.

*Cawood* and *Simmons* did not involve an alleged flaw regarding the timing of the recording of the grand jury's actions. Instead, the indictments in those cases were flawed because there was no evidence that the grand jury returned a true bill naming the defendant in open court. *Cawood*, 4 Va. at 541-42, 547; *Simmons*, 89 Va. at 156-57, 15 S.E. at 387. In contrast, here, Epps concedes that the grand jury did, in fact, hand down a true bill in open court. Thus, *Cawood* and *Simmons* are inapposite to the issue here.

The indictment requirement is statutory and governed by the Code. "An indictment is a written accusation of a crime, prepared by the attorney for the Commonwealth and returned 'a true bill' upon the oath or affirmation of a legally impanelled grand jury." Code § 19.2-216. "The indictment shall be endorsed 'A True Bill' or 'Not a True Bill' and signed by the foreman. The indictment shall be returned by the grand jury in open court." Rule 3A:5(c). Code § 19.2-217 provides that "no person shall be put upon trial for any felony, unless an indictment or presentment shall have first been found or made by a grand jury in a court of competent jurisdiction." None of these statutes or rules requires that an order memorializing this action must be entered prior to trial in order for the indictment to be valid.

Similarly, Code § 17.1-123, "How orders are recorded and signed," does not require that an order be entered on the same day as the event it is memorializing in order to be valid. *See also Weatherman v. Commonwealth*, 91 Va. 796, 798, 22 S.E. 349, 350 (1895) ("No order made by the court or proceeding had in a case during a term and entered by the clerk in the record book

4

should be allowed to become invalid, or to fail of effect, by the omission of the judge, through inadvertence or neglect, to sign the record of the orders and proceedings of the day on which it was made or took place.").

Thus, there is no time requirement for entry of an order recording the return of an indictment in open court. Therefore, the circuit court's delay in entering the order recording the grand jury's October 27, 2014 action until January 13, 2015 did not render Epps's indictment invalid. It is undisputed that at the time the circuit court ruled upon Epps's motion to dismiss, the circuit court's record was clear that the grand jury had returned a true bill in open court, and that fact had been recorded by the court.

Further, this Court has previously noted that, under statutes enacted after *Cawood* and *Simmons*, the lack of a recording of the indictment did not render the indictment, or trial thereon, void. In *Hanson v. Smyth*, 183 Va. 384, 389, 32 S.E.2d 142, 144 (1944), this Court acknowledged that *Cawood* and *Simmons* had held that "it is essential to the validity of an indictment that it affirmatively appear by an entry in the order book that the indictment was returned by the grand jury into open court," but, notably, we did not characterize those cases as requiring the recordation to occur *prior* to trial. We stated that subsequent amendments to the Code showed "a clear expression of the legislative policy that the requirement of an indictment in the prosecution for a felony may be waived, and hence is not jurisdictional." *Id*. at 390, 32 S.E.2d at 144 (citing *Pine v. Commonwealth*, 121 Va. 812, 835, 93 S.E. 652, 659 (1917)). "Since the statutory requirement for an indictment . . . is not jurisdictional, the failure of the record to show affirmatively that the indictment was returned into court by the grand jury is not such a defect as will render null and void the judgment of conviction based thereon." *Id*. at 390-91, 32 S.E.2d at 144. Accordingly, even if the indictment was not valid before the recording

5

order was entered after the trial, the defect in the indictment would not have deprived the circuit court of jurisdiction to try Epps.

Rule 3A:9(b)(1) and (c) provide that

objections based on defects in the institution of the prosecution or in the written charge upon which the accused is to be tried, other than that it fails to show jurisdiction in the court or to charge an offense, must be raised by motion . . . . filed or made before a plea is entered and, in a circuit court, at least 7 days before the day fixed for trial.

"Failure to comply with these requirements constitutes a waiver." *Prieto v. Commonwealth*, 283 Va. 149, 181-82, 721 S.E.2d 484, 503 (2012). "For good cause, however, relief from any waiver may be granted under Rule 3A:9(d)." *Id*. at 182, 721 S.E.2d at 503-04.

Epps did not assign error to the holding of the Court of Appeals that an indictment is not jurisdictional, and he admits that he did not object to the indictment until 51 days after he had entered pleas and been convicted. Thus, the January 7, 2015 motion was insufficient to prevent a waiver of his objection to the indictment.

Epps argues that the procedural bar of Rules 3A:9(b)(1) and (c) does not apply to his case, because there was no indictment to challenge prior to trial. We disagree, and rule that Epps was subject to the requirement, embodied in Rules 3A:9(b)(1) and (c), mandating that he challenge the indictment at least seven days before his November 17, 2014 trial, which he concedes he did not do. Because Epps did not argue that there was good cause to excuse this failure, he waived the right to object to the indictment. Rule 3A:9(d).

CONCLUSION

Accordingly, for the foregoing reasons, we will affirm the judgment of the Court of Appeals.

*Affirmed.*

6