COURT OF APPEALS OF VIRGINIA

Present: Judges Fulton, Ortiz and Senior Judge Petty
Argued at Lexington, Virginia

TREVOR ALAN NEEPER

                                                   MEMORANDUM OPINION[*] BY

v.       Record No. 0263-22-3                    JUDGE DANIEL E. ORTIZ
                                                     NOVEMBER 9, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
W. Chapman Goodwin, Judge

Aaron W. Graves (Graves Law Offices, on brief), for appellant.
Appellant submitting on brief.

Tanner M. Russo, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

The trial court convicted Neeper of refusal of a breath test after he was arrested for driving

under the influence, subsequent offense within ten years ("refusal, subsequent offense"). He asserts

that the trial court "erred by finding that the magistrate had probable cause to issue a warrant for a

[C]lass (1) misdemeanor, and as such[,] the warrant was invalid." Neeper also contends that the

trial court erred by "allowing hearsay testimony as to what was said to the magistrate, what the

magistrate said, and as to what the magistrate based the issuance of the warrant upon." Because we

find that Neeper waived his argument as to the warrant's validity and any error in admitting hearsay

testimony was harmless, we affirm the trial court's judgment.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Poole v.*

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

*Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). On the evening of July 2, 2020, Trooper J.T. Lotts stopped Neeper's vehicle after the officer observed him speeding. When Neeper exited the vehicle at Lotts' request, he was "unsteady on his feet" and "[held] onto the side of the truck as he exited." He smelled of alcohol, and his eyes were "bloodshot and glassy." Neeper admitted that he had been drinking. After Neeper failed to perform field sobriety tests satisfactorily, Lotts arrested him at 6:58 p.m. for driving under the influence and transported him to jail. They arrived at the jail at 7:20 p.m. At the jail, Lotts provided Neeper with a "refusal of consent" form outlining the consequences of failing to submit to a breath test. Neeper refused to submit to the test.

Lotts signed a declaration on the refusal of consent form stating that Neeper had been arrested under "Code §§ 18.2-51.4, 18.2-266, 18.2-266.1 or 18.2-272(B)" and had refused to supply a breath sample after he was informed of the consequences of refusal. Lotts stated further on the declaration form that Neeper had no convictions under Code "§§ 18.2-266, 18.2-268.3, or any offense described in 18.2-270(E) within the last 10 years." Lotts faxed the executed form to the magistrate.

When Lotts appeared before the magistrate that evening via video, the magistrate had Neeper's criminal history and driving record. Lotts noted that, as a matter of procedure, dispatch sent Neeper's criminal history to the magistrate, but dispatch did not provide it to Lotts. The magistrate cited a prior DUI conviction during the videoconference. Based on this information, the magistrate issued an arrest warrant charging Neeper with refusal, subsequent offense.

At trial, Lotts testified over Neeper's hearsay objection that the magistrate charged Neeper with the misdemeanor[1] because his criminal record revealed that he had a DUI

---

[1] A first refusal is a civil offense, but a subsequent refusal is a Class 1 misdemeanor. Code § 18.2-268.3(A)(1) and (2).

- 2 -

conviction in 2017 in Rockingham County. Lotts agreed that he was unaware of the prior conviction and did not provide that information to the magistrate.

Neeper objected on hearsay grounds to Lotts testifying about anything the magistrate "said or thought or did." The trial court overruled the objection to Lotts' testimony about the magistrate's statement concerning Neeper's criminal history, ruling that it fell within a hearsay exception. The trial court also ruled that Lotts' testimony about the procedure of supplying the magistrate with Neeper's criminal history and what the magistrate did after receiving that history, was not hearsay. Neeper's prior conviction under Code § 18.2-266 for driving under the influence in 2017 was admitted into evidence.

At the conclusion of the evidence, Neeper moved to strike, asserting that his arrest for refusal, subsequent offense, was not supported by probable cause. Citing Code § 18.2-268.3(D),[2] Neeper argued that only the arresting officer's "sworn certification" could supply probable cause for violating the refusal statute. Stressing that Lotts' declaration on the refusal form stated that Neeper had no qualifying offenses within the last ten years, Neeper asserted that the magistrate lacked probable cause to issue a warrant for misdemeanor refusal.

_____

[2] Code § 18.2-268.3 states in pertinent part:

> D. The arresting officer shall, under oath before the magistrate, execute the form and certify (i) that the defendant has refused to permit blood or breath or both blood and breath samples to be taken for testing; (ii) that the officer has read the portion of the form described in subsection C to the arrested person; (iii) that the arrested person, after having had the portion of the form described in subsection C read to him, has refused to permit such sample or samples to be taken; and (iv) how many, if any, violations of this section, § 18.2-266, or any offense described in subsection E of § 18.2-270 the arrested person has been convicted of within the last 10 years. Such sworn certification shall constitute probable cause for the magistrate to issue a warrant or summons charging the person with unreasonable refusal. The magistrate shall attach the executed and sworn advisement form to the warrant or summons. . . .

The trial court denied Neeper's motion to strike and ruled that the magistrate could rely on evidence other than the police officer's declaration in determining probable cause to arrest. The trial court ruled that the evidence was sufficient to prove refusal, subsequent offense, and convicted Neeper. This appeal followed.

ANALYSIS

I. Probable Cause

Neeper asserts that the trial court "erred in finding that the magistrate had probable cause to issue a warrant for a [C]lass 1 misdemeanor, and as such[,] the warrant was invalid." He contends that, under Code § 18.2-268(D)(iv), the probable cause to issue the refusal warrant must be based on the arresting officer's "sworn certification" and Lotts' certification included no prior predicate offenses that rendered Neeper's refusal a misdemeanor offense.

"The validity of [a charging instrument] is a question of law which we review de novo." *Epps v. Commonwealth*, 293 Va. 403, 407 (2017) (quoting *Howard v. Commonwealth*, 63 Va. App. 580, 583 (2014)). We also "review compliance with statutes and this Court's Rules de novo." *Id.*

Rule 3A:9(b)(1) and (c) provide that:

> [O]bjections based on defects in the institution of the prosecution or in the written charge upon which the accused is to be tried, other than that it fails to show jurisdiction in the court or to charge an offense, must be raised by motion . . . filed or made before a plea is entered and, in a circuit court, at least 7 days before the day fixed for trial.

*Epps*, 293 Va. at 409-10 (quoting Rule 3A:9(b)(1) and (c)).[3] "Failure to comply with these requirements constitutes a waiver." *Id.* at 410 (quoting *Prieto v. Commonwealth*, 283 Va. 149,

---

[3] Rule 3A:9 was amended after *Epps* was decided, but the text quoted in the opinion was not altered.

- 4 -

181-82 (2012)).  As our Supreme Court has recognized, however, "relief from any waiver may be granted under Rule 3A:9(d)" for good cause.  *Id.* (quoting *Prieto*, 283 Va. at 182).

Presented with similar facts in *Harris v. Commonwealth*, 39 Va. App. 670 (2003) (*en banc*), we held that a challenge to the validity of the charging instrument must be raised in a pre-trial motion, absent good cause.  Harris, who was charged with driving without a license, moved to strike at trial on the basis that he should have been charged with a warrant rather than a summons.  *Id.* at 673.  After the trial court denied his motion to strike, Harris appealed and asserted that the trial court "erred in trying [him] on the charge 'where the summons issued was not a valid process to present the charge for trial.'"  *Id.* at 674.

On appeal, the Commonwealth argued for the first time that Harris had "procedurally defaulted" his argument "because he failed to raise a defense or objection 'based upon defects in the institution of the prosecution,' seven days prior to trial, as required by Supreme Court of Virginia Rule 3A:9(b) and (c)."  *Id.* at 674.  We agreed and held that Harris had waived his argument by failing to comply with Rule 3A:9 or demonstrating "good cause" for his failure to do so.  *Id.* at 675.  Accordingly, we decided that the trial court had reached the right result for the wrong reason.  *Id.* at 675-76; *see also Epps*, 293 Va. at 409-10 (the defendant's challenge to his indictment was subject to Rule 3A:9(b)(1) and (c), "mandating that he challenge the indictment at least seven days before . . . trial"); *Mollenhauer v. Commonwealth*, No. 0826-20-2, 2021 WL 2793777 (Va. Ct. App. July 6, 2021) (discussing the rationale behind the requirement to raise certain issues before trial).  Significantly, we concluded that Harris had defaulted his challenge to the charging instrument by failing to comply with Rule 3A:9, even though the trial court considered the merits of his arguments at trial.  *Harris*, 39 Va. App. at 673-74.

Based on *Harris*, we hold that Neeper likewise waived his challenge to the validity of his refusal warrant by waiting to raise it during his motion to strike.[4]  Nothing in the record demonstrates that he had good cause not to comply with Rule 3A:9.  *See* Rule 3A:9(d) ("For good cause shown the court may grant relief from any waiver provided for in this Rule.").  Accordingly, as he waived his argument, we conclude that the trial court reached the right result by denying his motion to strike.[5]  "[I]t is the settled rule that how[ever] erroneous . . . may be the reasons of the court for its judgment upon the face of the judgment itself, if the judgment be right, it will not be disturbed on account of the reasons."  *Peters v. Commonwealth*, 72 Va. App. 378, 388 (2020) (second and third alterations in original) (quoting *Perry v. Commonwealth*, 280 Va. 572, 579 (2010)).  Nevertheless, we may not affirm the trial court's decision on this basis

---

[4] We recognize that "[t]o trigger the implied-consent statute, . . . the underlying DUI arrest must be both timely and lawful."  *Green v. Commonwealth*, 299 Va. 593, 595 (2021).  Thus, our Supreme Court held that a defendant charged with refusal to submit to a breath test in violation of Code § 29.1-738.2 may defend that charge at trial with evidence that his arrest for intoxication while operating a boat was not supported by probable cause.  *Id.* at 594-97.  The Supreme Court reversed the trial court's ruling that appellant was required to raise his probable cause challenge in a pre-trial motion under Code § 19.2-266.2, stressing that "Code § 19.2-266.2 applies to '[d]efense motions or objections' that, among other things, seek the 'suppression of evidence . . . obtained in violation of' the Constitution of Virginia or Constitution of the United States."  *Id.* at 596 (quoting Code § 19.2-266.2).  The Court held that Green was not seeking to suppress evidence by challenging the lawfulness of his arrest.  Further, it concluded that the applicability of the implied consent statute involved a statutory question rather than a constitutional one.  *Id.*

In *Green*, the issue before the Supreme Court was whether Green's DUI arrest was lawful because, absent a valid arrest, Green was not subject to the implied consent statute governing boat operators, Code § 29.1-738.2.  *Id.* at 595-96.  Here, unlike *Green*, Neeper does not assert that his initial arrest for driving while intoxicated was not supported by probable cause.  Based on *that* arrest, not his later arrest for refusal, Neeper was offered and refused a breath test.  Thus, the undisputed evidence establishes that Neeper had been validly arrested when Lotts offered him a breath test, thereby triggering the implied consent statute.  *Id.* at 595 ("To trigger the implied-consent statute, . . . the underlying DUI arrest must be both timely and lawful.").  Accordingly, *Green* does not control our decision.

[5] Requiring certain issues to be addressed before trial is "not [a] superfluous administrative hurdle[]."  *Bass v. Commonwealth*, 70 Va. App. 522, 534 (2019).  The requirement "serve[s] legitimate state interests in protecting against surprise, harassment, and undue delay."  *Id.* (quoting *Arrington v. Commonwealth*, 53 Va. App. 635, 640 (2009)).

"where the development of additional facts is necessary." *Spinner v. Commonwealth*, 297 Va. 384, 391 (2019).

Here, the record before us is sufficiently developed for us to determine that Neeper waived his argument by failing to raise it before trial. Indeed, the Commonwealth argued to the trial court that Neeper was required to challenge the arrest warrant before trial.[6] Accordingly, we find no reversible error in the trial court's denial of Neeper's motion to strike.

## II. Hearsay

Neeper asserts that the trial court erred by allowing hearsay testimony at trial concerning "what was said to the magistrate, what the magistrate said," and the basis for the magistrate's decision to issue the warrant. "[M]ore specifically," Neeper maintains that the trial court erred by admitting Lotts' testimony regarding the magistrate's statement about Neeper's criminal record. He contends that, because the Commonwealth sought the admission of the hearsay testimony from Lotts, the burden lay with the Commonwealth to demonstrate that it fell within an exception to the prohibition against hearsay.

"Decisions regarding the admissibility of evidence 'lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion.'" *Blankenship v. Commonwealth*, 69 Va. App. 692, 697 (2019) (quoting *Michels v. Commonwealth*, 47 Va. App. 461, 465 (2006)). "This standard, if nothing else, means that the trial judge's 'ruling will not be reversed simply because an appellate court disagrees.'" *Thomas v. Commonwealth*, 44 Va. App. 741, 753 (quoting Henry J. Friendly, *Indiscretion about Discretion*, 31 Emory L.J. 747, 754 (1982)), *adopted upon reh'g en banc*, 45 Va. App. 811 (2005). "Only when reasonable jurists

---

[6] At trial, the Commonwealth argued Neeper waived his argument pursuant to Code § 19.2-266.2 instead of Rule 3A:9. The Commonwealth proceeded under Code § 19.2-266.2 because it erroneously compared this case to *Green*. The Commonwealth's failure to raise a Rule 3A:9 argument does not impact Neeper's waiver of his challenge to the validity of his refusal warrant.

could not differ can we say an abuse of discretion has occurred." *Turner v. Commonwealth*, 65 Va. App. 312, 327 (2015) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)). "A trial court . . . 'by definition abuses its discretion when it makes an error of law.'" *Robinson v. Commonwealth*, 68 Va. App. 602, 606 (2018) (quoting *Dean v. Commonwealth*, 61 Va. App. 209, 213 (2012)). Thus, "evidentiary issues presenting a 'question of law' are 'reviewed *de novo* by this Court.'" *Abney v. Commonwealth*, 51 Va. App. 337, 345 (2008) (quoting *Michels*, 47 Va. App. at 465).

"Non-constitutional error is harmless if other evidence of guilt is so overwhelming and the error so insignificant by comparison that we can conclude the error failed to have any substantial influence on the verdict." *Dandridge v. Commonwealth*, 72 Va. App. 669, 685 (2021) (quoting *Lienau v. Commonwealth*, 69 Va. App. 254, 270 (2018)); *see also* Code § 8.01-678. Here, even assuming *arguendo* that the trial court erred by admitting evidence relating to the magistrate's issuance of the arrest warrant for refusal, the error did not have "any substantial influence on the verdict." *Dandridge*, 72 Va. App at 685. The Commonwealth presented evidence of Neeper's prior DUI conviction, and the evidence was undisputed that Neeper declined to submit to a breathalyzer. Further, because Neeper had waived his argument concerning the arrest warrant's validity, any evidence relating to that issue was not relevant to his guilt or innocence at trial. Accordingly, any error in the trial court's admission of the evidence was harmless. Code § 8.01-678.

## CONCLUSION

For the reasons stated above, we affirm the trial court's judgment.

*Affirmed.*