COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Malveaux, Raphael and Callins


SHOUNQUES BYNUM

                              MEMORANDUM OPINION*

v.      Record No. 1730-22-3                PER CURIAM
                                             JUNE 6, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

(Bryan J. Jones, on brief), for appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Rachel A. Glines, Assistant Attorney General, on brief), for appellee.


Shounques Bynum challenges the trial court's order denying and dismissing his motion to vacate his 2011 convictions. He argues that the trial court had no authority to enter a nunc pro tunc order recording the grand jury's return of his indictments. Consequently, Bynum argues that his convictions are void because they resulted from what he maintains were improper indictments. After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

Upon his guilty pleas, the trial court convicted Bynum of first-degree murder, robbery, malicious wounding, attempted robbery, conspiracy to commit robbery, four counts of using a firearm in the commission or attempt to commit a felony, shooting at an occupied vehicle, and

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

willfully discharging a firearm in public.  By final order of December 27, 2011, corrected on March 2, 2012, the trial court sentenced Bynum to 68 years' imprisonment, with 28 years suspended.[1]

On July 26, 2021, Bynum, by counsel, moved to vacate the convictions as void ab initio and "null."  He argued in his motion and an accompanying memorandum that the convictions were void ab initio because the trial court had never established its jurisdiction.  According to Bynum, the record did not indicate that the return of the indictments against him in open court had been recorded; thus, he concluded that the convictions were void.  Bynum also argued that he had not been tried on properly returned indictments within three terms of the court and thus was entitled to have the charges dismissed under Code § 19.2-242.

On August 4, 2021, the trial court entered an order nunc pro tunc to May 9, 2011, recording the grand jury's return of the eleven indictments against Bynum.  The order recites the name of the judge who presided over the grand jury proceedings, lists the names of the grand jurors, lists the charges, and states that it "is being entered *nunc pro tunc* effective as of May 9, 2011 pursuant to Virginia Code Section 8.01-428(B) to replace the prior order that has been lost."

On August 9, 2021, Bynum filed a corrected motion.[2]  The motion and accompanying memorandum again asserted that the convictions were void ab initio because the trial court had never established its jurisdiction.  According to Bynum, the record did not indicate that the indictments against him had been recorded in the trial court's order book.  He argued that the Fifth Amendment's indictment requirement should be incorporated against the States and that

---

[1] The trial court withheld sentencing on the convictions for malicious wounding, robbery, attempted robbery, conspiracy, maliciously shooting at an occupied vehicle, and willfully discharging a firearm in a public place.

[2] The record indicates that Bynum filed the August 9, 2021 pleadings to correct a typographical error in the case numbers.

Virginia precedent holding that an indictment is not jurisdictional was wrongly decided. Under that theory, he concluded that the convictions were void. Citing the nunc pro tunc order, the trial court denied and dismissed the motion to vacate. This appeal followed.

ANALYSIS

Bynum challenges the trial court's authority to enter the nunc pro tunc order and asserts that he is entitled to have his convictions vacated because of the perceived defect in the indictments. On appeal, the focus of Bynum's argument has shifted from the validity of the underlying convictions to the validity of the trial court's nunc pro tunc order recording the return of his indictments in open court. Bynum asserts that the trial court erred in denying his motion to vacate because the court lacked the authority to enter the nunc pro tunc order.

Under Code § 8.01-428(B), "Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party." "[T]he purpose of a *nunc pro tunc* entry is to correct mistakes of the clerk or other court officials, or to settle defects or omissions in the record so as to make the record show what actually took place." *Council v. Commonwealth*, 198 Va. 288, 293 (1956). However, a "*nunc pro tunc* entry should not be made . . . to show what the court should have done as distinguished from what actually occurred. The court's authority . . . extends no further than the power to make the record entry speak the truth." *Id.* at 292. Thus, "[t]he court has the power to correct the record under Code § 8.01-428(B) only 'when the record clearly supports such corrections.'" *Sch. Bd. of City of Lynchburg v. Caudill Rowlett Scott, Inc.*, 237 Va. 550, 555 (1989) (quoting *Cutshaw v. Cutshaw*, 220 Va. 638, 641 (1979)). "We apply an abuse of discretion standard to evaluate whether the trial court entered a valid *nunc pro tunc* order." *Ziats v. Commonwealth*, 42 Va. App. 133, 140 (2003).

Here, the record contains all eleven of Bynum's indictments, which were returned as true bills by the grand jury on May 9, 2011 and signed by the foreman. This record evidence provides ample support for the trial court's decision to enter a nunc pro tunc order recording the grand jury's return of the indictments. The trial court's decision to enter the nunc pro tunc order is supported by the record and does not create a fiction regarding the grand jury's return of the indictments. Rather, the nunc pro tunc order simply fixes an omission in the record "to make the record show what actually took place." *Council*, 198 Va. at 293. Moreover, "there is no time requirement for entry of an order recording the return of an indictment in open court." *Epps v. Commonwealth*, 293 Va. 403, 409 (2017). Therefore, we hold that the trial court did not abuse its discretion in entering the nunc pro tunc order.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed*.