COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Raphael and Callins

CHRISTOPHER RENALDO ALBERT

v.     Record No. 0684-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JULY 18, 2023

FROM THE CIRCUIT COURT OF CHARLES CITY COUNTY
B. Elliott Bondurant, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Rosemary V. Bourne, Senior
Assistant Attorney General, on brief), for appellee.


Christopher Renaldo Albert ("appellant") challenges the trial court's judgment denying his

post-conviction motion to vacate his 2007 convictions, asserting that the indictments against him

were never returned in open court. After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

In 2006, appellant pleaded guilty under a written plea agreement to first-degree murder,

robbery, possessing a firearm as a convicted felon, and two counts of using a firearm in the

commission of a felony.[1] The trial court sentenced appellant to a total of life plus 60 years'

imprisonment. The record does not reflect that appellant noted an appeal.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] In exchange for appellant's guilty plea, the Commonwealth amended the murder
indictment from a charge of capital murder to first-degree murder and nolle prossed two charges,
one felony and one misdemeanor.

Almost 15 years after the trial court entered final judgment, appellant, by counsel, moved to vacate his convictions. In a memorandum accompanying his motion to vacate, appellant argued that the record failed to show that the indictments against him were returned in open court or entered of record. Based on that alleged defect, appellant contended that his convictions were void ab initio, so he was entitled to have them vacated.

In a written response, the Commonwealth noted that our Supreme Court had held in *Epps v. Commonwealth*, 293 Va. 403 (2017), that "the failure of the record to show affirmatively that the indictment was returned into court by the grand jury" was not a defect that rendered a conviction void. *Id.* at 409. Appended as an exhibit to the Commonwealth's response was an order in appellant's case that the trial court entered on March 7, 2006, bearing a stamp of the book and page from the trial court's order book, providing: "[o]n return of the Grand Jury of seven (7) True Bills of Indictment, the Court ORDERS the Clerk to prepare and issue capias charging the defendant as described in the True Bills Of Indictments." In addition, the Commonwealth attached the original indictments, which all were marked "A True Bill" and signed by the grand jury foreman.

After a hearing, the trial court denied appellant's motion and ordered the case removed from the docket. Appellant timely appealed.

ANALYSIS

"Before any court can proceed to the adjudication of a given case, it must first determine whether it has subject matter jurisdiction over the case." *Hood v. Commonwealth*, 75 Va. App. 358, 363 (2022). "[W]e have jurisdiction to consider [this] appeal only if the trial court had jurisdiction to entertain the underlying motion." *Minor v. Commonwealth*, 66 Va. App. 728, 738 (2016).

A court "always has jurisdiction to determine whether it has subject matter jurisdiction." *Pure Presbyterian Church of Washington v. Grace of God Presbyterian Church*, 296 Va. 42, 50

(2018) (quoting *Morrison v. Bestler*, 239 Va. 166, 170 (1990)). "[T]he lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court *sua sponte*." *Holden v. Commonwealth*, 26 Va. App. 403, 407 (1998) (quoting *Morrison*, 239 Va. at 170). Whether the circuit court had jurisdiction over a particular matter is a question of law that we review de novo. *Reaves v. Tucker*, 67 Va. App. 719, 727 (2017).

Absent a statutory exception, "[a]ll final judgments, orders, and decrees . . . remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1(a). "In a criminal case, the final order is the sentencing order." *Dobson v. Commonwealth*, 76 Va. App. 524, 528 (2023) (quoting *Johnson v. Commonwealth*, 72 Va. App. 587, 596 (2020)). The trial court entered final judgment in this case on January 19, 2007; thus, appellant must show that an exception to Rule 1:1(a) applies in this case to establish the trial court's jurisdiction to consider his motion.

To meet that obligation, appellant argues—as he did below—that his convictions are void ab initio because of the alleged defect in the indictments against him. Rule 1:1 "does not apply to an order which is void *ab initio*." *Singh v. Mooney*, 261 Va. 48, 52 (2001). Alternatively, he argues that his motion met the criteria for relief under Code § 8.01-677 or coram vobis and that coram vobis is a proper procedural vehicle to seek vacatur of his convictions. We address each argument in turn.

I. The convictions are not void ab initio.

Generally, "'whether an alleged error by a trial court renders its order void ab initio or merely voidable turns on the subtle, but crucial, distinction deeply embedded in Virginia law' between two very different but semantically similar concepts: subject matter jurisdiction and . . . active jurisdiction." *Cilwa v. Commonwealth*, 298 Va. 259, 266 (2019) (quoting *Jones v. Commonwealth*, 293 Va. 29, 46 (2017)). Subject matter jurisdiction "is the *power* to adjudicate a

case upon the merits and dispose of it as justice may require." *Pure Presbyterian*, 296 Va. at 49 (emphasis added) (quoting *Shelton v. Sydnor*, 126 Va. 625, 629 (1920)). "In contrast to subject matter jurisdiction, 'active jurisdiction'—pragmatically called the 'jurisdiction to err'—involves not the power of the court but the *proper exercise* of its authority consistent with 'settled principles of the unwritten law' or any applicable 'mandate of the statute law.'" *Cilwa*, 298 Va. at 266 (emphasis added) (quoting *Farant Inv. Corp. v. Francis*, 138 Va. 417, 427 (1924)).

"The validity of [an] indictment is a question of law which we review de novo." *Epps*, 293 Va. at 407 (alteration in original) (quoting *Howard v. Commonwealth*, 63 Va. App. 580, 583 (2014)). Appellant candidly acknowledges that the governing caselaw does not support his argument but asserts that the Supreme Court of Virginia's precedents are wrongly decided. He further contends that he should be excused from any waiver under Rule 3A:9 for his failure to timely object to the alleged defect in the indictments.

Settled precedent firmly establishes that "[t]here is no constitutional requirement in Virginia that prosecutions for felony be by indictment. The requirement is only statutory and may be waived." *Forester v. Commonwealth*, 210 Va. 764, 766 (1970) (quoting *Bailey v. Commonwealth*, 193 Va. 814, 822 (1952)); *Livingston v. Commonwealth*, 184 Va. 830, 836 (1946) (same); *Hanson v. Smyth*, 183 Va. 384, 390 (1944) ("While the Fifth Amendment to the Federal Constitution requires a presentment or indictment in prosecutions under Federal statutes 'for a capital, or otherwise infamous crime,' the Virginia Constitution contains no such requirement."). Moreover, because "the statutory requirement for an indictment . . . is not jurisdictional, the failure of the record to show affirmatively that the indictment was returned into court by the grand jury is *not* such a defect as will render null and void the judgment of conviction based thereon." *Epps*, 293 Va. at 409 (alteration in original) (emphasis added) (quoting *Hanson*, 183 Va. at 390-91).

Additionally, because a defendant can waive indictment, "his constitutional rights are not violated by requiring that if he questions the validity of an indictment that is made he shall do so before he goes to trial on a plea of not guilty and is convicted." *Forester*, 210 Va. at 766 (quoting *Bailey*, 193 Va. at 822). "Defenses and objections based on defects in the institution of the prosecution or in the written charge . . . , other than that it fails to show jurisdiction in the court or to charge an offense, must be raised by motion" at "least 7 days before the day fixed for trial." Rule 3A:9(b)(1), (c). "Failure to comply with these requirements constitutes a waiver." *Epps*, 293 Va. at 410 (quoting *Prieto v. Commonwealth*, 283 Va. 149, 181-82 (2012)). Furthermore, appellant pleaded guilty to the offenses, so he waived his non-jurisdictional complaint concerning the validity of the indictments. *See Trevathan v. Commonwealth*, 297 Va. 697, 697 (2019) ("A voluntary and intelligent guilty plea is a 'waiver' of all non-jurisdictional defects that occurred before entry of the plea." (quoting *Miles v. Sheriff of the Va. Beach City Jail*, 266 Va. 110, 113-14 (2003))).

Upon review, we hold that appellant's claim is wholly without merit. To begin, the alleged defect in the indictments was not one that implicated the trial court's subject matter jurisdiction; but was subject to waiver. *See Epps*, 293 Va. at 410. In fact, appellant waived any claim he had to the indictments when he failed to raise a timely objection and pleaded guilty to the charges. *Id.* Moreover, the record does not support the factual premise upon which appellant's claim rests. To the contrary, the record contains an order noting the grand jury's return of the indictments against appellant entered on March 7, 2006, and bearing a stamp that indicates it was recorded in the trial court's order book on "03/14/2006 at 8:21 AM." Thus, we hold that the challenged convictions were not void ab initio.

II.  Neither coram vobis nor Code § 8.01-677 applies in this case.

Our Supreme Court has held that "the policy of finality contained in Rule 1:1 is not absolute." *Commonwealth v. Morris*, 281 Va. 70, 77 (2011).  Among other statutory exceptions, "Code § 8.01-677 (error coram vobis) . . . provide[s an] exception[] to Rule 1:1 under proper circumstances."  *Id.*  But those circumstances are limited "to clerical errors" and "error[s] of fact not apparent on the record, not attributable to the applicant's negligence, and which if known by the court would have *prevented rendition* of the judgment."  *Id.* at 78-79 (quoting *Dobie v. Commonwealth*, 198 Va. 762, 769 (1957)).

Our review of the record does not reveal a clerical error or an error of fact that would have *prevented* rendition of judgment in this case.  As noted above, appellant's claim for relief rests on the factually incorrect premise that the indictments against him were not returned in open court or entered of record.  But the record contains an order recording the return of the indictments.  It follows that Rule 1:1(a) controlled, and the trial court was without jurisdiction to entertain appellant's motion.

"Once a court determines that it lacks subject matter jurisdiction, 'the only function remaining to the court is that of announcing the fact and dismissing the cause.'"  *Pure Presbyterian*, 296 Va. at 50 (quoting *Ex Parte McCardle*, 74 U.S. 506, 514 (1868)).  Where the trial court lacked jurisdiction to consider a post-conviction motion, "we lack jurisdiction to consider his appeal regarding the denial of that motion."  *Minor*, 66 Va. App. at 743.

## CONCLUSION

The trial court lacked subject-matter jurisdiction to grant the relief appellant sought.  Accordingly, the appeal is dismissed and the case is remanded to the circuit court with instructions to vacate the April 8, 2022 order and dismiss appellant's motion.

*Dismissed*.